# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| JOHN ALAN SAKON, | Case No. 19-21619 (JJT) |
| **Debtor.** | |

### UNITED STATES TRUSTEE'S MOTION FOR AN ORDER EITHER DISMISSING OR CONVERTING THE DEBTOR'S CHAPTER 11 CASE FOR FAILURE TO PROVIDE PROOF OF APPROPRIATE INSURANCE COVERAGES & FAILURE TO COMPLETE, FILE AND/OR PRODUCE REQUIRED BANKRUPTCY FORMS AND DOCUMENTS

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby moves for an order dismissing the chapter 11 case of John Alan Sakon ("Debtor") pursuant to 11 U.S.C. § 1112(b). In support thereof, the United States Trustee represents and alleges that the Debtor has failed to provide proof that he maintains appropriate casualty, liability and such other appropriate insurance coverages in amounts adequate to both protect the bankruptcy estate and the general public. Further, the United States Trustee has requested that the Debtor provide the United States Trustee with a list of real property in which he claims any interest and a list of significant personal property in which he claims an interest on or before Tuesday, September 24, 2019. Debtor failed to respond to the United States Trustee's request. In support of his motion, the United States Trustee, through his undersigned counsel, states the following:

## FACTS

1. The Debtor filed his voluntary Chapter 11 petition on September 19, 2019. ECF 1. Debtor failed to file bankruptcy schedules or statements with his petition or at any time afterward to date. No attorney has filed an appearance on behalf of the Debtor or appears to have assisted in the

preparation of Debtor's bankruptcy petition. *See* Case Docket. Debtor states that he is not a small business debtor and lists Sakon Development LLC, a limited liability company, as a business he operates as a "sole proprietor." ECF 1, page 4. Debtor states that he has fewer than fifty creditors, has between one million and 10 million dollars in assets, and has liabilities of between one million and 10 million dollars.

2. The Debtor listed two email addresses on his filed bankruptcy documents: johnsakon@yahoo.com and johsakon@sakon.biz. The United States Trustee transmitted a lengthy email to the Debtor on September 20, 2019 advising the Debtor of his fiduciary duties as a debtor-in-possession and the United States Trustee's role in Chapter 11 cases. The email also requested that the Debtor provide proof of insurance coverage sufficient to protect both the Debtor's bankruptcy estate and the public and the need for the Debtor to provide the United States Trustee with lists/descriptions of real and significant personal property in which he claims an interest in order for the United States Trustee to analyze the sufficiency of insurance coverages. The deadline for the receipt of that information and the proof of insurance was Tuesday, September 24, 2019. The United States Trustee received a "null" reply to the use of Debtor's johnsakon@sakon.biz email address but did not receive any "undeliverable" response to Debtor's johnsakon@yahoo.com email address and presumes receipt.

3. The Debtor has failed to respond to the United States Trustee concerning the request for insurance coverages or for descriptions of property to date.

4. Each Chapter 11 debtor must maintain property insurance coverage which is adequate to protect the assets of the bankruptcy estate and protect the public in general against loss. Failure to provide for such insurance coverage is cause for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(4)(C). Failure to timely provide information and documents reasonably requested

by the United States Trustee is cause for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(4)(H).

## ARGUMENT

Section 1112(b) governs conversion and dismissal of chapter 11 cases and states in relevant part as follows:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title . . .; and
>>
>> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>>
>>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> . . .
>
> (4) For purposes of this subsection, the term 'cause' includes--
>
> . . .
>
>> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>>
>> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee.
>
> . . .

11 U.S.C. § 1112(b).

Thus, with limited exceptions, Section 1112(b) mandates that the Court dismiss or convert a Chapter 11 case where any of the acts or omissions identified as "cause" in Section 1112(b)(4) exist. *In re Van Eck*, 425 B.R. 54, 58-59 (Bankr. D. Conn., Weil, J.); *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6 (Bankr. E.D. Tenn. 2008); *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr. M. D. Pa. 2007); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). The mandatory language of Section 1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the Court's discretion. *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 560 ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown. . . .").

The word "includes" in Section 1112(b)(4) is not limiting. 11 U.S.C. § 102(3) (in construing the Bankruptcy Code, the terms "includes" and "including" are not limiting); *In re AdBrite Corp.*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) (citations omitted). Indeed, the list of actions or omissions under Section 1112(b) is "illustrative, not exhaustive." *In re AdBrite Corp.*, 290 B.R. at 217. Therefore, in finding cause under Section 1112(b), the court may consider other grounds for dismissal or conversion other than those listed specifically and may rely on its equitable powers to reach an appropriate result. *Id.* (citing *C–TC 9th Ave. P'ship. v. Norton Co. (In re C–TC 9th Ave. P'ship.)*, 113 F.3d 1304, 1311 (2d Cir.1997)).

Under Section 1112(b)(2), a debtor can avoid dismissal or conversion where the debtor shows that there is "reasonable justification" for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor

4

will confirm a plan. 11 U.S.C. § 1112(b)(2); *In re Van Eck*, 425 B.R. at 58-59; *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 561.

### THE ABSENCE OF ADEQUATE INSURANCE IS *CAUSE* TO DISMISS THE DEBTOR'S CASE UNDER SECTION 1112(b)(4)(C).

According to 11 U.S.C. § 1112(b)(4)(C), a chapter 11 case should be dismissed or converted if a debtor's failure "to maintain appropriate insurance" poses a risk to the estate or to the public. Where a debtor owns real property with structures, Section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate. *See e.g., In re Van Eck*, 425 B.R. at 61 (failure to maintain property and liability insurance on debtor's residence constitutes cause for dismissal)*; In re GEL, LLC,* 495 B.R. 240, 245 (Bankr. E.D.N.Y. 2012) (lack of insurance on real estate with commercial building cause for dismissal or conversion); *Gilroy v. Ameriquest Mortgage Co., et al (In re Gilroy)*, 2008 WL 4531982 (1st Cir. BAP 2008) (failure to maintain property and liability insurance for five condominiums constitutes cause for dismissal).

Debtor has failed to provide proof that he has appropriate and adequate liability insurance for his real and/or personal property which would protect his bankruptcy estate and the general public.

### THE FAILURE TO PROVIDE INFORMATION TO THE UNITED STATES TRUSTEE IS CAUSE TO DISMISS THE DEBTOR'S CASE UNDER SECTION 1112(b)(4)(H)

The Debtor, besides failing to provide proof of insurance coverage, has also failed to provide information concerning his real and personal property which was reasonably requested by the United States Trustee. Such failure is an independent ground for the dismissal or conversion of Debtor's Chapter 11 case to one under Chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(H). *See Andover Covered Bridge, LLC v Harrington,* 553 B. R. 162, 172 (1st Cir. B.A.P. 2016).

WHEREFORE, the United States Trustee requests that the Court enter an either dismissing or converting the Debtor's Chapter 11 case to one under Chapter 7, and granting such other relief as may be just and appropriate.

Dated: October 1, 2019  Respectfully submitted,
New Haven, CT  WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2

By:  /s/ Steven E. Mackey
Steven E. Mackey/ct09932
Trial Attorney
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
Tel. No. (203) 773-2210