| | |
|---|---|
| DOCKET NO. 19-21619 | : UNITED STATES |
| | : BANKRUPCY COURT |
| RE: JOHN ALAN SAKON | : |
| | : |
| | : DISTRICT OF |
| | : CONNECTICUT |
| | : |
| | : October 4, 2019 |

## OBJECTION TOWN OF GLASTONBURY'S MOTION FOR RULE 2004 EXAMINATION OF DEBTOR

The movant John Alan Sakon herby objects to the Town of Glastonbury Motion for Examination of Debtor and production of documents filed on 10/24/2019 for, *inter alia,* the following reasons:

1. **Procedural.** The Debtor has provided insufficient notice and seeks an order by default on 10/31/2019.

2. **Notice.** As a Pro Se, the Debtor does not have access to the Court electronic filing system. The Debtor has not seen any first class mail from the Movant. The pro so debtor only became aware of the request on 10/28/2019 in the afternoon when a copy thereof was hand delivered to debtor by counsel for the town. The Pro Se has had limited opportunity to view the pleadings and should be allowed sufficient time to respond thereto. This is an initial objection.

1

3. **Time.** At first glance it is obvious that the requested inquiry and production of documents is not limited as to time. Therefore, it is too broad and overly burdensome upon the debtor.

4. **Confidentiality.** The movant seeks confidential financial information, trade secrets and business information from the debtor. The wholesale production of these documents would have a detrimental impact upon the debtor, the plan, the financing and the other creditors. The public disclosure of these documents would have a further negative impact on the ability of the debtor to emerge from Chapter 11 Bankruptcy by means of a plan. The movant offers no confidentiality and proposes no confidentiality order for the court to consider. If the court is to consider the Motion, the court should require the Movant to enter into a confidentiality agreement and further narrow the inquiry as to potential trade secrets.

5. **Subpoena.** The proposed Subpoena found in Exhibit A fails to make any description of the requested production. It is blank.

6. **Narrow the Inquiry.**

   a. The proposed Exhibit A requests documents which may or not be in the control of the debtor.

b. The "*employees, servants, agents, accountants, consultants, investigators, or other professionals, or any other Person(s) acting, understood to act, or purporting to act on Your behalf.....*" is overly broad and seeks the debtor to produce documents and request production of third-parties which may or may not be in the control of the debtor or alternatively, may or may not cooperate with the inquiry.

c. The request for All Documents is overly broad, burdensome and seeks to disclose confidential negotiations without establishing a need thereto and a need for which they are required. The request for All Communication has the same complaint.

d. Production of documents as the ability of the Lender to fund the loan is overly broad and burdensome, difficult if not impossible to produce. Many lenders operate by reputation and few, if any, disclose their capital sources. This burden would be impossible for the debtor to comply.

The requested production appears to be more for strategic purposes than for practical need. As evidenced by the pleadings, a tortured relationship exists between this creditor and the debtor. And this creditor, despite being a municipality, would rather see the debtor fail.

The proof will be in the pudding and if the debtor is unable to arrange for the necessary financing, then the movant may seek its avenues of redress. Till then, the requested discovery of the Town of Glastonbury is unnecessary and is merely an attempt to harass, delay the proceedings and burden the process with legal fees as it has apply demonstrated in the Connecticut Superior Court. For the court to understand this point, the court merely needs to look at the legal fees claimed by Shipman and Goodwin and compare them with the legal fees claimed by Halloran & Sage for nearly the same amount of work.

For the above noted reasons, the pro se debtor objects to the motion.

By: *John Sakon* (signature)

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel: (860) 675-4000
Fax: (860) 675-4600
Email: johnsakon@sakon.biz

*John Sakon* (signature)

4