## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re:<br><br>John A. Sakon,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-21619 (JJT) |

### DECLARATION OF ERIC S. GOLDSTEIN IN SUPPORT OF
### MOTION TO CONVERT OR, IN THE ALTERNATIVE, TO DISMISS

I, ERIC S. GOLDSTEIN, declare as follows:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I am a partner with the law firm of Shipman & Goodwin LLP, counsel for the Town of Glastonbury (the "Town"), a creditor and party-in interest in the above-captioned matter. I submit this declaration in support of the Town's *Motion to Convert the Debtor's Case to a Case Under Chapter 7 or, in the Alternative, to Dismiss*.

3. I make this declaration based on my personal knowledge, including my personal knowledge of the documents filed in the above referenced bankruptcy case and the Foreclosure Actions (as defined below).

**The Town's Foreclosure Actions**

    **i.    2B Griswold Street and E8E Main Street Tax Lien Foreclosure**

4. In 2012, the Town commenced a real property tax lien foreclosure action in the Connecticut Superior Court (the "Superior Court") against John A. Sakon (the "Debtor") due to his failure to pay real property taxes for 2B Griswold Street, Glastonbury, CT 06033 (the "2B Griswold Property") and 8E Main Street, Glastonbury, CT 06033 (the "8E Main Property"). This action is captioned *Town of Glastonbury v. Sakon, et al.*, Docket No. HHD-CV12-6036889-

8335813

S (Conn. Super. Ct. filed 2012) (the "2012 Foreclosure Action"). In the 2012 Foreclosure Action, the Town is seeking to foreclose its liens on the 2B Griswold Property and the 8E Main Property for unpaid real property taxes for the Grand List years of 2009 through the present. A true and accurate copy of the docket in the 2012 Foreclosure Action, as of January 27, 2020, is attached hereto as **Exhibit 1**.

5.      True and accurate copies of the Superior Court's judgments of foreclosure by sale for the 2B Griswold Property and 8E Main Property entered in the 2012 Foreclosure Action are attached hereto as **Exhibit 2**.

6.      True and accurate copies of the orders and decisions rendered by the Connecticut Appellate Court in the 2012 Foreclosure Action are attached hereto as **Exhibit 3**, **Exhibit 4**, and **Exhibit 5**.

7.      A true and accurate copy of the Superior Court's order dated October 24, 2016 in the 2012 Foreclosure Action is attached hereto as **Exhibit 6**.

8.      True and accurate copies of the Town's Motion to Open Judgment of Foreclosure By Sale to Set New Sale Date, Reappoint Committee, and Update Debt dated November 6, 2018, in the 2012 Foreclosure Action, and the Superior Court's order dated January 7, 2019, granting such motion are attached hereto as **Exhibit 7**.

9.      A true and accurate copy of the Superior Court's Order on Consented-To Motion to Continue Sale Date and for Order Permitting Credit Bid dated June 18, 2019, entered in the 2012 Foreclosure Action is attached hereto as **Exhibit 8**.

          ii.      **131 Griswold Street Tax and Sewer Lien Foreclosure**

10.     In 2016, the Town commenced a real property tax lien and sewer lien foreclosure action in the Superior Court against the Debtor due to his failure to pay real property taxes and sewer use charges for 131 Griswold Street, Glastonbury, CT 06033 (the "131 Griswold

Property" and together with the 2B Griswold Property and the 8E Main Property, the "Properties"). This action is captioned *Town of Glastonbury v. Sakon, et al.*, Docket No. HHD-CV16-6073692-S (Conn. Super. Ct. filed 2016) (the "2016 Foreclosure Action," and together with the 2012 Foreclosure Action, the "Foreclosure Actions"). In the 2016 Foreclosure Action, the Town is seeking to foreclose its liens on the 131 Griswold Property for unpaid real property taxes for the Grand List years of 2009 to 2014, as well as sewer charges that were due on November 1, 2014 and November 1, 2015. A true and accurate copy of the Town's Complaint in the 2016 Foreclosure Action is attached hereto as **Exhibit 9**.

11. A true and accurate copy of the Superior Court's foreclosure judgment dated November 13, 2017, in the 2016 Foreclosure Action is attached hereto as **Exhibit 10**.

12. True and accurate copies of the Connecticut Appellate Court's orders in the 2016 Foreclosure Action dismissing the Debtor's appeal and denying the Debtor's motion to reconsider are attached hereto as **Exhibit 11** and **Exhibit 12**.

13. True and accurate copies of the Town's Motion to Open Judgment of Strict Foreclosure and Set New Law Date After Appeal dated February 14, 2019, in the 2016 Foreclosure Action, and the Superior Court's order dated May 28, 2019 granting that motion, are attached hereto as **Exhibit 13**.

**The Debtor's Repeated and Unrealized Claims of Financing**

14. True and accurate copies of the Debtor's Motion to Open Judgment dated October 14, 2016, seeking to open the judgment in the 2012 Foreclosure Action because he allegedly obtained financing, the Debtor's Memorandum in Support of Motion to Open Judgment and Supplemental Brief Regarding Stay of Foreclosure Sale dated October 23, 2016, and the

3

Superior Court's order dated December 12, 2016, denying that motion are attached hereto as **Exhibit 14** and **Exhibit 15**. Notwithstanding such motion, no financing was forthcoming.

15. A true and accurate copy of the Debtor's Motion for Order dated May 17, 2019, in the 2016 Foreclosure Action, seeking a stay of the proceeding to complete a refinancing, is attached hereto as **Exhibit 16**. Despite the Debtor's representations in such motion, the refinancing did not occur.

16. True and accurate copies of the Debtor's Motion for Order dated September 17, 2019, seeking a stay of the foreclosure sales in both the Foreclosure Actions because alleged financing has been arranged to satisfy all debts, and the Superior Court's orders dated September 18, 2019, in the Foreclosure Actions denying such motion are attached hereto as **Exhibit 17** and **Exhibit 18**. Notwithstanding the representations in such motion, no financing was forthcoming.

17. Pursuant to this Court's order,[1] on January 17, 2020, the Debtor delivered to the undersigned counsel evidence of any proposed financing agreements, term sheets and/or letters of intent provided by prospective lenders existing as of that date. Specifically, the Debtor produced two sets of documents: one relating to K.G.A.K. Financial Group, Inc. ("KGAK") and one relating to MTAG Capital ("MTAG"). True and accurate copies of these documents are attached hereto as **Exhibit 19** and **Exhibit 20**, respectively.

---

[1] The Court's minute order at ECF 79 stated as follows: "The Debtor is further ordered to serve upon Cyhani Ventures, Inc., A&F Main Street Associates, LLC, the Town of Glastonbury, and the United States Trustee any proposed financing agreements, term sheets and/or letters of intent provided by prospective lenders by January 17, 2020."

8335813

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of February 2020 in Hartford, Connecticut.

_____
ERIC S. GOLDSTEIN, ESQ.

8335813