| | | |
|---|---|---|
| **DOCKET NO.  19-21619** | : | **UNITED STATES** |
| | : | **BANKRUPCY COURT** |
| **RE: JOHN ALAN SAKON** | : | |
| | : | **DISTRICT OF** |
| **Chapter 7** | : | **CONNECTICUT** |
| | : | **at Hartford** |
| | : | |
| | : | |
| | : | **October 14, 2020** |

## NOTICE OF AND MOTION TO COMPEL TRUSTEE'S ABANDONMENT

## OF PROPERTY PER 11 U.S.C. 554(B) AND FRBP 6007(b)

**TO THE HONORABLE JAMES J. TANCREDI, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; BONNIE MANGAN CHAPTER 7 TRUSTEE; AND ALL INTERESTED PARTIES**

## I.    INTRODUCTION AND STATEMENT OF FACTS

**1.**    By this motion, the debtor John Alan Sakon ("Debtor") respectfully request that this Court enter an order compelling Bonnie Mangan, in her capacity as chapter 7 trustee ("Trustee"), to either prosecute or abandon the bankruptcy estate's interest and claims listed in the October 15, 2019 Schedule filed with this court entitled "33.

**1**

SCHEDULE OF POTENTIAL AND PENDING CLAIMS AGAINST THIRD

PARTIES"  ; Attached hereto as Exhibit E.

    a.  specifically exempting there from that portion of the personal injury

        claim arising out of an incident that occurred on 05/28/2018 as

        found in the complaint John Sakon vs. Michael Roberts and filed

        by the law firm Billings, Barrett and Bowman ("BB&B"),

        3651 Main Street, Suite 200, Stratford, CT 06614; on behalf of the

        Trustee  in the Superior Court State of Connecticut and identified

        as Docket No.  HHD-CV20-6130471-S.

    **2.**    That the prepetition claim known as John Alan Sakon v. James

N. Sakonchick et al, as filed in the Connecticut Superior Court HHB-CV18-

5023514-S has a judgment of dismissal on 11/26/2018.

    a.  The original complaint was filed in the Connecticut Superior Court

        is attached hereto as Exhibit A.

    b.  The Memorandum of Decision on the Judgement of Dismissal is

        attached hereto as Exhibit B.

    c.  That the Debtor John Sakon, took a timely appeal of said

        judgment to the Appellate Court of the State of Connecticut AC

        43405.

**2**

d.  That a Motion to Dismiss by the defendants in AC 43405 was presented to the Appellate Court upon the conversion of the instant case from a Chapter 11 to a Chapter 7 filing and the removal of Sakon as the Chapter 11 Trustee.

e.  That, in answer to the Motion to Dismiss, the Trustee Bonnie Mangan moved to intervene and on October 7, 2020, her motion was granted and the Trustee was substituted for the Plaintiff-Appellant John Alan Sakon.

f.  Upon the intervention of the Trustee the Motion to Dismiss was denied on October 7, 2020.

g.  However, the court further ordered the brief of the Plaintiff-Appellant Trustee is due on or before November 6, 2020.

h.  That the Trustee has no knowledge of the Appellate Action, is not in a position to prosecute the matter, has no funds in the Bankruptcy Estate to hire an attorney to prosecute the matter and the Trustee is in no position even fund the administrative costs to file a brief and an appendix.

i.  That the trustee must be compelled either to raise funds to prosecute the matter, find an attorney to prosecute the matter,

prosecute the matter herself or abandon the bankruptcy's estate interest and claims in the action to the debtor.

j. That the creditors must be compelled either to raise funds to prosecute the matter and find an attorney to prosecute the matter, or abandon the creditor's interest and claims in the action to the debtor.

**3.** That the prepetition claim known as John Alan Sakon v. James N. Sakonchick et al, as filed in the Connecticut Superior Court HHB-CV18-60888742-S was filed on 02/06/2018 and is a prepetition claim.

a. The original complaint was filed in the Connecticut Superior Court is attached hereto as Exhibit C.

b. A pending Motion to Dismiss the plaintiff's lawsuit for lack of standing is attached hereto as Exhibit D.

c. That the Trustee has no knowledge of this civil action, is not in a position to prosecute the matter, has no funds in the Bankruptcy Estate to hire an attorney to prosecute the matter and the Trustee is in no position even to fund the administrative costs of the action.

d. That the trustee must be compelled either to raise funds to prosecute the matter, find an attorney to prosecute the matter,

**4**

prosecute the matter herself or abandon the bankruptcy's estate interest and claims in the action to the debtor.

e. That the creditors must be compelled either to raise funds to prosecute the matter and find an attorney to prosecute the matter, or abandon the creditor's interest and claims in the action to the debtor.

4. As to the civil claims against the Town of Glastonbury; the town of Glastonbury Police Department; Francelia Marie Sevin Sakon; Hartford Interval House; the Connecticut State Police; State of Connecticut; Dennis O'Toole; Manchester Police Department; town of Manchester; Seth Conant and the law firm of Freed Marcroft; James Sakonchick; the Commissioner of Corrections of the State of Connecticut and/or other civil claims arising out of the State of Connecticut criminal complaints known as H12M-CR16-0256989-S; H12M-CR16-0257222-S; H12M-CR16-0257478-S; H12M-CR16-0257732-S; H12M-CR17-0259330-S; H12M-CR17-0260018-S; H12M-CR17-0260475-S; H12M-CR18-0264343-S; H12M-CR18-0265434-O.

a. That the Trustee has no knowledge of these civil actions, is not in a position to prosecute the matter, has no funds in the Bankruptcy

Estate to hire an attorney to prosecute the matter and the Trustee is in no position even to fund the administrative costs of the action.

b. That the trustee must be compelled either to raise funds to prosecute these mattes, find an attorney to prosecute the matter, prosecute the matter herself or abandon the bankruptcy's estate interest and claims in the action to the debtor.

c. That the creditors must be compelled either to raise funds to prosecute these matter and find an attorney to prosecute the matter, or abandon the creditor's interest and claims in these action to the debtor.

5.    That several of these claims are approaching a Statute of Limitations and if the Trustee does not have the funds to pursue these claims and/or cannot find an attorney to pursue the claims the claims will be lost.

6.    That the creditor town of Glastonbury seeks foreclosure of a tax lien on real estate and a personal liability as to any personal claims by the town of Glastonbury does not exist under law.

7.    It is complaint of November 14, 2014 in Cyhani Ventures, Inc. v. John Alan Sakon, Connecticut Superior Court, HHD-CV14-6056422-S, the creditor Cyhani Ventures, Inc. seeks (1.) Foreclosure of the mortgage; (2.)

**6**

Deficiency judgment against the defendant (unless precluded by a bankruptcy filing); (3.) Attorney's fees and costs (unless precluded by a bankruptcy filing); (4,) Immediate possession of the mortgaged property; (5.) Damages (unless precluded by a bankruptcy filing and (6.) Such other and future equitable relief as may be required.

   a. The Complaint of the creditor Cyhani is attached hereto as Exhibit D.

   b. Given that the requested relief may be precluded by a bankruptcy filing, Cyhani may only look to the real estate as collateral to its mortgage to satisfy its claims.

   c. That the creditor Cyhani must be compelled either to raise funds to prosecute these civil matters and find an attorney to prosecute these civil  matters to protect their claims to a deficiency judgment, or abandon the creditor's interest and claims in these actions to the debtor.

   **8.**    That the creditor HOC Holdings, LLC of 424 Weldrick Road East, Richmond Hill, Ontario Canada L4B2M5 holds a Second Mortgage secured by the real estate of the Bankruptcy Estate.  The creditor HOC Holdings, LLC has not filed suit and has not claimed any deficiency judgment or other damages.

a. Given that the requested relief may be precluded by a bankruptcy filing, HOC may only look to the real estate as collateral to its mortgage.

b. That the creditor HOC must be compelled either to raise funds to prosecute these civil matters and find an attorney to prosecute these civil matters to protect their claims to a deficiency judgment, or abandon the creditor's interest and claims in these actions to the debtor.

9.    That the creditor A&F Main Street Associates, LLC has made a claim of $97,500 to the Bankruptcy Estate.  However, since A&F has argued that the claim of $97,500 was not a debt extented in satisfaction of the Stipulation, any claim of A&F may be limited by its inability to pursue a personal claim as to John Alan Sakon under the terms of the ground lease which has been filed with this court.

a. Given that the requested relief is precluded by a bankruptcy filing, A&F may not look to the personal assets of John Alan Sakon in satisfaction of its claim.

b. In either case, the claimed creditor A&F must be compelled either to raise funds to prosecute these civil matters and find an attorney to prosecute these civil matters so as to protect their claims to a

deficiency judgment, or abandon the creditor's interest and claims in these actions to the debtor.

10.    As to the other creditors of the bankruptcy estate, they are unsecured and their claims amount to less than $300,000 in the filings.

a. The unsecured creditors must be compelled either to raise funds to prosecute these civil matters and find an attorney to prosecute these civil  matters so as to protect their claims in bankruptcy or abandon the creditor's interest and claims in these actions to the debtor.

## II.    Jurisdiction

11.    The court has jurisdiction over this matter pursuant to 11 U.S.C. 554(B) AND FRBP 6007(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 29 U.S.C. § 157(b)(2).

## III.    STANDARDS TO COMPEL ABANDONMENT

12.    It is a matter of hornbook law that when a bankruptcy petition is filed, an estate is created and the debtor's property, including any prepetition claims held by the debtor, becomes part of the bankruptcy estate. 11 U. S. C. § 541 (a); 5 - 541 *Collier on Bankruptcy* ¶ 541.07 (2017).

In a chapter 7 case, only the chapter 7 trustee may administer property of

the estate, including prosecuting actions on behalf of the estate. See 11

U.S. C. 88 323, 704; In re Arana, 456. B. R. 161, 170 (Bankr. E. D. N. Y.

2011) ("during the pendency of a bankruptcy case, the debtor does not

have standing to initiate or pursue an action based on a prepetition claim

unless the trustee abandons it back to the debtor").

    **13.**    "As in the case of other assets of the debtor, the trustee is not

bound to accept a burdensome right of action" and may abandon it if

burdensome or if it is of inconsequential value. 5-541 *Collier on Bankruptcy*

¶ 541. 07 (2017). If a trustee does not abandon burdensome property, the

trustee may be compelled to do so by virtue of a motion to compel

abandonment under Section 554(b) of the Bankruptcy Code. That Section

provides as follows:

> *"On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit of the estate."*

See also FRBP 6007 (b) ("A party in interest may file and serve a motion

requiring the trustee or debtor in possession to abandon property of the

estate .") .

    **14.**    As implied by the language of Section 554 (b), in order to grant

a motion to abandon property, the bankruptcy court must find either that:

(1) the property is burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate. *In re Viet Vu,* 245 B. R. 644, 647 (9th Cir. BAP 2000). The burden of proof lies with the debtor seeking abandonment to present a *prima facie* case, which could be rebutted by evidence that the property had some value and benefit. *Prime Lending 11, LLC v. Buerge (In re Buerge),* 2014 Bankr. LEXIS 1264, at * 28 (10th Cir. BAP 2014); see also *Johnston v. Webster (In re Johnston)*, 49 F. 3d 538, 540 (9th Cir. 1995); *Viet Vu v. Kendall (In re Viet Vu),* 245 B. R. 644, 647 (9th Cir. BAP 2000); 5-554 *Collier on Bankruptcy* ¶ 554. 02 (2017) . Once an asset is ordered abandoned, it is removed from the bankruptcy estate, and this removal is irrevocable except in very limited circumstances. *Chartschlaa v. Nationwide Mutual Ins. Co* ., 538 F.3d 116, 123 (2d Cir. 2008) (citing *Catalano v. Comm ' r*, 279 F.3d 682, 686 (9th Cir. 2002)) . Abandoned property reverts to the debtor and the debtor's rights to the property are treated as if no bankruptcy petition was filed. 5-554 *Collier on Bankruptcy* (554. 02 (2017), citing *In re Dewsnup,* 908 F. 2d 588, 590 (10th Cir. 1990), aff ' d, 502U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992) .

**15.**    As set forth, the Debtor has made the requisite showing in this case to compel the abandonment of the aforementioned litigation and associated claims. The Motion should be granted.

## IV.   THE TRUSTEE SHOULD BE COMPELLED TO ABANDON THE EXISTING STATE COURT LITGATIONS AND ANY ASSOCIATED CLAIMS AGAINST THE STATE COURT DEFENDANTS.

**16.**     Entry of an order compelling the Trustee to abandon the two pending state court cases, and associated claims against the state court defendants, is appropriate.

a. The Trustee was appointed on 06/08/2020.

b. Trustee's conduct and inability to settle either case after 4 months demonstrates that the Debtor has met his burden to show that the Trustee believes that the state court cases and associated claims are not worth pursuing.

c. The litigation will require retention of state court counsel, and litigation is obviously expensive. If the Trustee believed that her pursuit of the cases and associated claims made sense, she certainly would have retained counsel by now or otherwise done something to prosecute the cases.

d. The Trustee's inaction as to the litigation supports the belief that the cases (property) are burdensome to the estate and/or are of inconsequential to the value to the estate, even if she is unwilling to stipulate to their abandonment to the Debtor.

**12**

e. The exiting State cases and associated claims should be abandoned to the Debtor, under Section 554 (b) .

## V.   THE TRUSTEE SHOULD BE COMPELLED TO ABANDON THE CONTEMPLATED STATE AND FEDERAL COURT LITGATIONS AND ANY ASSOCIATED CLAIMS.

**17.**   Entry of an order compelling the Trustee to abandon the speculative and contemplated State and Federal court actions, and associated claims is appropriate.

a. The Trustee was appointed on 06/08/2020.

b. Trustee's conduct and inability to hire counsel or pursue the speculative and contemplated claims demonstrates that the Debtor has met his burden to show that the Trustee believes the potential claims (property) are speculative,  are burdensome to the estate and/or are of inconsequential to the value to the estate and the associated claims (property) are not worth pursuing.

c. The litigation will require retention of counsel, and litigation is obviously expensive. If the Trustee believed that her pursuit of the cases and associated claims made sense, she certainly would have retained counsel by now or otherwise done something to prosecute the cases.

d.  The Trustee's inaction as to the litigation supports the belief that the cases (property) are burdensome to the estate and/or are of inconsequential to the value to the estate, even if she is unwilling to stipulate to their abandonment to the Debtor

e.  The speculative and contemplated State and Federal Claims may have immediate issues of a Statute of Limitations for filing said claims.  Therefore, if the Trustee does not pursue the claims, they may become valueless by operation of law.

f.  The exiting cases and associated claims should be abandoned to the Debtor, under Section 554 (b).

## VI.    CONCLUSION

**18.**    WHEREFORE, the Debtor hereby respectfully requests that the Court grant his Motion, and compel the Chapter 7 Trustee to abandon to the Debtor any and all claims or causes of action of the Debtor or the bankruptcy estate asserted against the state court defendants in the prepetition claim known as John Alan Sakon v. James N. Sakonchick et al, as filed in the Connecticut Superior Court HHB-CV18-5023514-S;  and  in the prepetition claim known as John Alan Sakon v. James N. Sakonchick et al, as filed in the Connecticut Superior Court HHB-CV18-60888742-S on 02/06/2018.

**14**

a. WHEREFORE, the Debtor hereby respectfully requests that the
Court grant his Motion, and compel the Chapter 7 Trustee to
abandon to the Debtor any and all claims or causes of action of
the Debtor or the bankruptcy estate may assert against the Town
of Glastonbury; the town of Glastonbury Police Department;
Francelia Marie Sevin Sakon; Hartford Interval House; the
Connecticut State Police; State of Connecticut; Dennis O'Toole;
Manchester Police Department; town of Manchester; Seth Conant
and the law firm of Freed Marcroft; James Sakonchick; the
Commissioner of Corrections of the State of Connecticut and/or
other civil claims arising out of the State of Connecticut criminal
complaints known as H12M-CR16-0256989-S; H12M-CR16-
0257222-S; H12M-CR16-0257478-S; H12M-CR16-0257732-S;
H12M-CR17-0259330-S; H12M-CR17-0260018-S; H12M-CR17-
0260475-S; H12M-CR18-0264343-S; H12M-CR18-0265434-O;  as
so listed in the "33. SCHEDULE OF POTENTIAL AND PENDING
CLAIMS AGAINST THIRD PARTIES"  filed with this court with the
specific exception of the aforementioned case "*John Sakon vs.
Michael Roberts*" in the Superior Court State of Connecticut and
identified as Docket No. HHD-CV20-6130471-S.

19.    Given a pending Statute of Limitations, the movant askes the motion be taken up expeditiously, waives oral argument and if there is no objection thereto, asks that the motion be taken on the papers.

## VII.    Notice.

20.    Notice of this Motion has been provided to all persons required to receive notice according to the Federal Rules of Practice.

By: _____

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel: (860) 793-1000
Fax: (860) 675-4600
Email: johnsakon@sakon.biz

## **CERTIFICATION**

I hereby certify that on the above captioned date, a copy of the foregoing was filed with the courtroom deputy and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.  The foregoing was also served on the aforementioned date by first class mail to anyone unable to accept electronic filing as indicated on the Notice of Filing.  In addition, the foregoing was served on the aforementioned date, by email to the parties as indicated below.

Goldstein, Eric (EGoldstein@goodwin.com); Thomas Moriarty (tom@mpslawfirm.com); Donald E. Frechette Esq. (donald.frechette@lockelord.com); steven.e.mackey@usdoj.gov; Welsh, Jaime A. (JWelsh@goodwin.com); Heidel, Kristen L (KHeidel@goodwin.com); 'Stephen Sakonchick' sakon@flash.net; 'courtroomdeputy_hartford@ctb.uscourts.gov'; Jameel Madhani (jmadhani@transitcapital.com); Bonnie Mangan (Bonnie.Mangan@manganlaw.com)

By:

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel: (860) 793-1000
Fax: (860) 675-4600
Email: johnsakon@sakon.biz

Exhibit A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and
costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and
costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of
this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 20 Franklin Square, New Britain, Connecticut 06051 | ( 860 )515-5180 | August 28, 2018<br>Month   Day   Year |

| ☒ Judicial District | ☐ G.A.<br>Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>**New Britain** | Case type code *(See list on page 2)*<br>Major: **M**    Minor: **50** |
|---|---|---|---|
| ☐ Housing Session | | | |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**John Alan Sakon, Pro Se, 82 Folly Brook Lane, Manchester, CT 06040** | Juris number *(to be entered by attorney only)* |
|---|---|

| Telephone number *(with area code)*<br>( 860 )793-1000 | Signature of Plaintiff (If self-represented)<br>*John Alan Sakon* |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes   ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)*<br>johnsakon@yahoo.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 7 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  John Alan Sakon, 82 Folly Brook Lane, Manchester, Connecticut 06040<br>Address: | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name:  James N. Sakonchick, 1272 Notch Road, Cheshire, CT 06410<br>Address: | D-01 |
| Additional Defendant | Name:  Stephen Sakonchick II, 6502 Canyon Wren Drive, Austin, TX 78746<br>Address: | D-02 |
| Additional Defendant | Name:  Donald M. Sakonchick, 37 Cold Spring Road, Avon, CT 06001<br>Address: | D-03 |
| Additional Defendant | Name:  Linda T. Kolpak, 333 Spruce Street, Cheshire, CT 06410<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)*<br>*[signature]* | ☐ Commissioner of the Superior Court<br>☒ Assistant Clerk | Name of Person Signing at Left<br>S. Criscuolo, Jr. | Date signed<br>7/24/18 |
|---|---|---|---|

| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | *For Court Use Only*<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)*<br>*John Alan Sakon* | Date<br>7/24/18 | Docket Number<br>CV18S023514 |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*

Sakon, John Alan

First named Defendant *(Last, First, Middle Initial)*

Sakonchick, James N.

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| Meserve, Teresa Rose  1729 Newton Street NW, Unit B, Washington, DC 20010 | | 05 |
| Sakon, John Joseph 4 Washington Place, Room 809, New York, NY 10003 | | 06 |
| Hecht, Kevin J., 220 South Main Street, Cheshire, CT 06410 | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | 12 | *FOR COURT USE ONLY - File Date* |
| | 13 | |
| | 14 | Docket number |

Print Form

Reset Form

**Return Date: August 28, 2018**              :        **SUPERIOR COURT**

                                              :

**JOHN A. SAKON**                             :        **J.D. OF NEW BRITAIN**

**Vs.**                                       :

**James N. Sakonchick;**
**Donald M. Sakonchick; Linda T. Kolpak;**
**Stephen Sakonchick II: Teresa Meserve;**
**John J. Sakon**                             :        **July 23, 2018**

## COMPLAINT

### COUNT ONE

1. John Alan Sakon (hereinafter "Sakon") is the Plaintiff in this matter and lives at 82 Folly

   Brook Lane, Manchester, Connecticut, 06040.

2. James N. Sakonchick is a defendant in this matter and lives at 1272 Notch Road,

   Cheshire, CT 06410.  Donald M. Sakonchick is a defendant in this matter and lives at 37

   Cold Spring Road, Avon, CT 06001.  Linda T. Kolpak is a defendant in this matter and

   lives at 333 Spruce Street, Cheshire, CT 06410.  Stephen Sakonchick II is a defendant in

   this case and lives at 6502 Canyon Wren Drive, Austin, TX 78746.

3. On January 20, 1992, Stephen Sakonchick (hereinafter "Father") and M. Teresa

   Sakonchick (hereinafter "Mother') executed a Trust Agreement as Settlors creating a

   trust called the STJKBJ Investment Trust (hereinafter "Trust") which trust named the

   Settlors and their children, James N. Sakonchick, Donald M. Sakonchick, Linda

   Sakonchick Kolpak, Stephen Sakonchick II and John A. Sakon (a/k/a John A.

   Sakonchick) and their grandchildren as beneficiaries.

**21**

4.  The Mother hired Attorney Joseph P. Jaconetta of Glastonbury, Connecticut who prepared a will on her behalf which was signed, sealed and subscribed before witnesses on May 25th, 2010 and named all her children as heirs in equal shares.

5.  Subsequently, James N. Sakonchick, Donald M. Sakonchick, Linda T. Kolpak and Stephen Sakonchick II (hereinafter "Siblings") brought their mother to the law offices of Attorney Kevin J. Hecht and had Mr. Hecht prepare a new will for their mother which was signed sealed and subscribed to before witnesses on March 4th, 2011 and named all her children as heirs in equal shares.

6.  On or about November 1, 2011, M. Teresa Sakonchick was admitted to the locked Harmony Place wing of Mulberry Gardens, 58 Mulberry Street, Plantsville, Connecticut 06479. Harmony Place provides full time Alzheimer's and Dementia care to its residents who are not able to manage their own affairs.

7.  Stephen Sakonchick died on June 9, 2012. Prior to his death, the father refused to dissolve the trust.

8.  On or about August 30, 2012, the siblings went into the Mulberry Gardens Health Care Facility and had M. Teresa Sakonchick sign a document dissolving the trust and creating a codicil to her will which disinherited the plaintiff.

9.  Plaintiff claims his mother was not competent to dissolve the trust and/or enter into a codicil to her will, did not have the help of independent counsel and and there was undue influence used by the siblings upon M. Teresa Sakonchick to sign the dissolution document and codicil which was to the detriment of the plaintiff.

10. M. Teresa Sakonchick died on May 8, 2016.

2

**22**

11. On June 6, 2016, all the parties appeared at the New Britain Superior Court before Judge Swienton and entered into a Court Settlement Agreement ("Court Agreement") on the record which resolved the controversies noted in the preceding paragraphs as to the parties.

12. The Court Agreement provided that Odin William Sakon, the son of the plaintiff, would receive $22,000 from the estate and the balance of the estate would be divided in equal shares between all the siblings.

13. Subsequently, on June 17. 2016, Judge Swienton held a hearing pursuant to *Audobon Parking Associates Ltd. Parnership v. Barclay & Stuffbs, Inc.*, [225 Conn. 804, 811-12, 626 A.2d 279 (1993)] and found there was a clear and unambiguous settlement reached between the plaintiff and his four siblings on June 6, 2016.

14. The siblings, however, have reneged on the Court Agreement.

15. The siblings have probated the estate of M. Teresa Sakonchick and have dispersed all of the monies and property of the estate amongst themselves and have failed to pay the plaintiff his share of the estate pursuant to the Court Agreement.

16. Plaintiff seeks a declaratory judgment enforcing the Court Agreement entered on the record of June 6, 2016 and seeks specific performance of the Court Agreement.

## COUNT TWO

1. Paragraphs 1 thru 16 of the First Count is hereby made paragraphs 1 thru 16 of this Second Count.

3

17. The plaintiff relied upon the representations of the defendants made on June 6, 2016, in good faith that a Court Agreement had been reached and did not contest the proceedings while in the probate court.

18. The plaintiff has been damaged thereby.

## COUNT FOUR

1. Paragraphs 1 thru 16 of the First Count is hereby made paragraphs 1 thru 16 of this Fourth Count.

17. The actions of the defendants were reprehensible, morally repugnant and otherwise inappropriate.

18. As a result of the Defendant's breach of the Court Agreement and the delay in receiving his inheritance, the Plaintiff has suffered incidental, consequential, general and special damages thereto, *inter alia,*

   a. Plaintiff has been forced to borrow monies at high interest rates as a result of the delay in receiving his inheritance;

   b. Plaintiff was not able to make payments on commercial mortgages forcing a foreclosure of his commercial properties as a result of the delay in receiving his inheritance;

   c. Plaintiff has suffered damage to his business for lack of operating funds as a result from the delay in receiving his inheritance;

   d. Plaintiff suffered eviction proceedings from his home for lack of funds resulting from the delay in receiving his inheritance.

e. Plaintiff has suffered emotional distress due to the unnecessary financial stress to his household resulting from the delay in receiving his inheritance which has, *inter alia,* led to a breakdown of his marriage.

f. Plaintiff has suffered damages to his credit ratings as a result in the delay in receiving his inheritance.

## COUNT FIVE

1. Paragraphs 1 thru 16 of the First Count is hereby made paragraphs 1 thru 16 of this fifth Count.

17. The siblings, acting as executors and posing as an attorney for the mother, have looted the estate for their personal gain, have acted in a fraudulent manner and have failed to act in their fiduciary capacity as executors; falsely represented themselves as legal advisors to other parties and/or failed to act in their fiduciary capacity as legal advisor.

18. The plaintiff has been damaged thereby.

## COUNT SIX

1. Paragraphs 1 thru 16 of the First Count is hereby made paragraphs 1 thru 16 of this sixth Count.

17. Teresa Rose Sakon Meserve lives at 1729 Newton Street NW, Unit B, Washington, DC 20010.  John Joseph Sakon lives in New York City with a mailing address of 4 Washington Place, Room 809, New York, NY 10003. Kevin J. Hecht, Esq. is an attorney with offices at 220 South Main Street, Cheshire, CT 06410

5

**25**

18. Attorney Kevin Hecht was unjustly enriched by being paid monies for fees which monies were taken from the funds which should have properly been paid to the plaintiff.

19. James N. Sakonchick, Donald M. Sakonchick, Linda Kolpak, Stephen Sakonchick II, Teresa Rose Sakon, and John Joseph Sakon were unjustly enriched by receiving monies from the estate of the mother which should have properly been paid to the plaintiff.

20. The plaintiff is damaged thereby.


THE PLAINTIFF,

BY: _John Alan Sakon_

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel. (860) 675-4000
johnsakon@sakon.biz

6

## DEMAND FOR RELIEF

Wherefore, the Plaintiff claims:

1. A declaratory judgment enforcing the Court Agreement.

2. Money Damages

3. A prejudgment attachment/garnishment.

4. Costs of this action

5. Actual Damages.

6. Special Damages – Aggravated and Punitive damages

7. Interest.

8. Costs of Collection including Attorney's Fees under CGS 52-400c.

9. Such other and further relief as the Court deems just and equitable.

Dated at New Britain, Connecticut on July 23, 2018.

THE PLAINTIFF,

BY: _John Alan Sakon_

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel. (860) 675-4000
johnsakon@sakon.biz

7

**27**

| | | |
|---|---|---|
| **Return Date: August 28, 2018** | : | **SUPERIOR COURT** |
| | : | |
| **JOHN A. SAKON** | : | **J.D. OF NEW BRITAIN** |
| | | |
| **Vs.** | : | |
| | | |
| **James N. Sakonchick;** | | |
| **Donald M. Sakonchick; Linda T. Kolpak;** | | |
| **Stephen Sakonchick II: Teresa Meserve;** | | |
| **John J. Sakon** | : | **July 23, 2018** |

## STATEMENT OF AMOUNT IN DEMAND

The plaintiff, John Alan Sakon, claim fair, just and reasonable money damages greater than $15,000, exclusive of interest and costs.

THE PLAINTIFF,

BY: _____

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel. (860) 675-4000
johnsakon@sakon.biz

8

Exhibit B

## STATE OF CONNECTICUT

| | | |
|---|---|---|
| **HHB-CV-18-5023514 -S** | : | **SUPERIOR COURT** |
| | : | |
| **JOHN ALAN SAKON, 82 Folly Brook** | : | **J. D. OF NEW BRITAIN** |
| **Lane, Manchester, CT 06040** | : | |
| **Plaintiff,** | : | **AT NEW BRITAIN** |
| | : | |
| **VS.** | : | **November 26, 2018** |
| | : | |
| **JAMES N. SAKONCHICK** 1272 Notch | : | |
| Road, Cheshire, CT 06410**; LINDA T.** | : | |
| **KOLPAK** 333 Spruce Street, Cheshire, CT | : | |
| 06410; **DONALD N. SAKONCHICK** 37 Cold | : | |
| Spring Road, Avon, CT 06001; **STEPHEN** | : | |
| **SAKONCHICK II**; 6502 Canyon Wren Drive; | | |
| Austin, TX 78746; **Kevin j. Hecht, Esq.**, 220 | | |
| South Main Street, Cheshire, CT 06410; | | |
| **John Joseph Sakon**, 628 South 18th | | |
| Street, Philadelphia, PA  19146; **Teresa** | | |
| **Rose Sakon Meserve,** Apt 309, 5 East | | |
| Monroe Avenue; Alexandra, Virginia 22301 | | |
| Et al | | |

                    **Defendants.**

### Before the Hon, Julia L. Aurigemma, Judge

### Judgement File

The plaintiff , by a writ, summons and complaint with a return date of August 28,

2018, sought the enforcement of a Settlement Agreement Case Type Code Major M

Minor 50.  The defendant Stephen Sakonchick II filed a Motion to Dismiss on August 17,

2018 (#102).  The other defendants moved to join the Motion to Dismiss (#102) on

October 16, 2018 (#122).

Whereupon on November 26, 2018, in a MEMORANDUM OF DECISION ON
MOTIONS TO DISMISS (#102) AND (#122), it was adjudged that the court lacked
subject matter jurisdiction and the matter was dismissed.

BY: _____

Judge / Clerk  ANDREW HOLDEN
DEPUTY CHIEF CLERK

DOCKET NO. HHB-CV-185023514      :      SUPERIOR COURT

JOHN SAKON      :      JUDICIAL DISTRICT

V.      :      AT NEW BRITAIN

JAMES N. SAKONCHICK, DONALD M.
SAKONCHICK, LINDA T. KOLPAK,
STEPHEN SAKONCHICK II, TERESA
ROSE SAKON MESERVE, JOHN
JOSEPH SAKON and KEVIN J. HECHT,
ESQ.      :      NOVEMBER 26, 2018

### MEMORANDUM OF DECISION ON MOTIONS TO DISMISS(#102) and (#122)

The defendant Stephen Sakonchick, II("Sakonchick") has moved to dismiss this complaint filed by the plaintiff, John A. Sakon("Sakon"). The defendant, Keven J Hecht, has joined in Sakonchick's motion. This motion was argued on October 29, 2018. The basis of the motion is that the court lacks subject matter jurisdiction over the subject matter of the complaint, Sakon lacks standing to bring the complaint, the issues in the complaint are moot and the suit attempts to relitigate issues already litigated in 3 other superior court actions and multiple probate court proceedings.

Sakonchick has filed a legal memorandum and an affidavit with multiple exhibits, many of which are decisions of this court and the Probate Court. In response, Sakon has filed a legal memorandum, a transcript from a proceeding in this court and one decision of this court, which has



Copies mailed to John Alan Sakon,
James N. Sakonchick, Linda T. Kolpak,
John Joseph Sakon, Teresa Rose Sakon Meserve,
Donald M. Sakonchick. JDNo to all others

also been filed by Sakonchick.

<u>Factual and Procedural Background</u>

Count One  of the complaint in this case alleges that on January 20, 1992 Stephen

Sakonchick and M. Teresa Sakonchick,  the parents of Sakon, Sakonchick and James Sakonchick,

Donald Sakonchick, and Linda Kolpak executed a trust agreement(the "Trust"). Stephen Sakonchick

died on June 9, 2012. On August 30, 2012 M. Teresa Sakonchick signed a document dissolving the

trust and executed a codicil to her will(the "Codicil") which disinherited the  plaintiff.  It further

alleges that M. Teresa Sakonchick died on May 8, 2016.  On June 6, 2016 all parties appeared at this

courthouse(New Britain Superior Court) and entered into a Court Settlement Agreement("Court

Agreement") on the record.

Count One of the complaint further alleges that the siblings reneged on the Court Agreement,

have probated the estate of M. Teresa Sakonchick and have dispersed all of the monies and property

of the estate and have failed to pay the  plaintiff his share of the estate under the Court Agreement.

Count One seeks a declaratory judgment enforcing the Court Agreement.

Count Two of the complaint incorporates all allegations of Count One and further alleges:

17. The plaintiff relied upon the representations of the defendants made on June 6,
2016, in good faith that a Court Agreement had been reached and did not contest the
proceedings while in the probate court.

Count Four of the complaint(there is no Count Three) alleges that the  plaintiff suffered

damages due to the fact that he was denied his inheritance.  Count Five incorporates all allegations

of Count One concerning the Court Agreement and alleges that his siblings, have "looted the estate

for their personal gain, have acted in a fraudulent manner and have failed to act in their fiduciary

capacity as executors..." and the  plaintiff has been damaged thereby.  Count Six  incorporates all

2

allegations of Count One concerning the Court Agreement and alleges that the defendant, Attorney Kevin Hecht, "was unjustly enriched by being paid monies for fees which monies were taken from the funds which should have properly been paid to the plaintiff." It further alleges that the defendants James Sakonchick, Donald Sakonchick, Linda Kolpak, Stephen Sakonchick II, Teresa Rose Sakon and John Joseph Sakon, "were unjustly enriched by receiving monies from the estate of the mother which should have properly been paid to the plaintiff."

<u>Prior Actions</u>

Sakon filed an action in this court by complaint dated July 15, 2013, entitled *John Sakon* v. *STJKBJ Investment Trust*, No.HHB-CV-13-5015852. That action was an appeal from the Southington Probate Court's denial of Sakon's application for accounting and appointment of a successor trustee of the STJKBJ Investment Trust, which is referred to in Count One of the present complaint. When the aforementioned action had been pending for almost three years, M. Teresa Sakonchick, the mother of the plaintiff and defendants, passed away. Soon thereafter, the plaintiff and his four siblings appeared before this court, Swienton, J., who spent much time trying to settle that action and the future probate issues caused by the death of Mrs. Sakonchick.

The defendants reduced the court-assisted agreement to writing, but Sakon refused to sign it. The defendants then attempted to enforce the agreement. However, the court found that the dispute between the parties did not allow for summary enforcement. Judge Swienton made the following findings of fact stated in her decision on the motion to enforce the settlement agreement:

> The court spent close to two hours meeting with both the plaintiff and the Sakonchicks in confidence and off the record. Extensive discussions and negotiations took place, and the court ultimately facilitated an agreement to resolve this case *as well as* the matter of the estate pending in Probate Court. The court prepared a "term sheet" which listed fourteen (14) points, (14 point plan), which

3

**34**

globally resolved this action as well as the matter of the estate of M. Teresa Sakonchick. (See ExH. A to the defendant's motion to enforce settlement agreement). The court performed extensive canvasses of the plaintiff and each of the Sakonchicks individually on the record regarding the terms of the 14 point plan, which the court then entered as an order of the court with the understanding that said terms would be reduced to writing in a document to be prepared by Attorney Hecht and signed by the parties.

Attorney Hecht drafted a Proposed Settlement Agreement ("KJH Settlement Agreement) and transmitted it to the plaintiff and the Sakonchicks. (See Exh. B to the defendants motion to enforce settlement agreement. The KJH Settlement Agreement set forth the terms of the 14 point plan, and the parties were welcome to proposed modifications *within the confines of the 14 point plan.* The Sakonchicks agreed to the language in the KJH Settlement Agreement and offered no modifications.

Shortly thereafter, on July 5, 2016, the plaintiff [Sakon] submitted his proposed modifications to the KJH Settlement Agreement **which substantially deviated from the 14 point plan original entered into.** ( SeeExh. C to the defendant's motion to enforce settlement agreement).

On July 7, 2016, the plaintiff. Attorney Hecht, and Donald Sakonchick and Stephen Sakonchick II appeared before the Probate Court, District of Cheshire-Southington on the matter of the estate of M. Teresa Sakonchick concerning her last will and testament. **On said date, the plaintiff objected to the will being admitted to probate, which was contrary to one of the terms of the 14 point plan.. . .**

. . . . . . .

Notwithstanding, the global agreement reached by the parties, **one of the parties had now reneged. . . .**

Memorandum of Decision of Judge Swienton, dated August 19, 2016, pp 2-3, emphasis in original, bold print added.

Thereafter the court sua sponte dismissed the 2013 appeal from the Probate Court on the grounds that the plaintiff, Sakon, had failed to serve any trustee, and could not do so because both trustees had died without appointing a successor. In the Memorandum of Decision dated June 13, 2017 in *John Sakon* v. *STJKBJ Investment Trust*, No.HHB-CV-13-5015852, this court, Young, J.,

4

found that a trust is not a legal entity that can be sued. Rather, an action against a trust must be brought against its legal representative, the trustee. The court further stated: "In amending the complaint, the plaintiff asserts that M. Teresa Sakonchick is a defendant. However, M. Teresa Sakonchick was deceased at the time of the amendment and no service was attempted upon her, . . ..Thus, this court has no subject matter jurisdiction over the trust and the appeal must be dismissed."

By complaint dated May 3, 2017, the plaintiff brought another complaint against the defendants in this action, *John A. Sakon* v. *James N. Sakonchick*, et al, No. HHB-CV-176037688. That action was in two counts, which are substantially similar to Counts One, Two and Four in the present complaint. In Count One the plaintiff seeks to enforce the Court Agreement. The plaintiff admits that he and his siblings "could not agree on the formal language of the Mutual Distribution Agreement." ¶ 13.      Judge Swienton has already found that Sakon reneged upon the Court Agreement by proposing terms that "substantially deviated" from the terms of the agreement and objecting to the admission of M.Teresa Sakonchick's will to probate, "which was contrary to one of the terms of the 14 point plan." Memorandum of Decision of Judge Swienton, dated August 19, 2016, pp 2-3. Count Two alleges that the plaintiff was damaged as a result of the defendants' breach of the Court Agreement.

On May 30, 2017, Sakonchick filed a motion to dismiss the aforementioned action. That motion was granted by the court, Young, J., on July 18, 2017, on the grounds that the court "has no jurisdiction to enforce an agreement which, by the plaintiff's own admission, was not executed." The decision of Judge Young provided:

> In this action, the plaintiff seeks to enforce an alleged agreement among siblings upon which the siblings could not come to terms. Defendant Stephen Sakonchick II, has filed a motion to dismiss the action. The motion to dismiss is unopposed by the

5

plaintiff. The motion is granted as the plaintiff has not established that the court has subject matter jurisdiction to enforce an agreement for which there was no meeting of the minds.

The plaintiff asserts that the parties agreed to settle, terming it a "settlement agreement" but could not agree on the formal language of what he terms "the Mutual Distribution Agreement." An agreement to settle is not enforceable if the parties cannot agree on the terms of that settlement.

"Under well established contract law, a contract must be definite and certain as to its terms and requirements.... In addition, there must be a manifestation of mutual assent to those terms and requirements.... [T]he existence of a contract is a question of fact...." (Internal quotation marks omitted.)*Dreambuilders Construction, Inc*. v. *Diamond*, 121 Conn. App. 554, 559, 997 A.2d 553 (2010).

The plaintiff has not countered the assertion of the defendant that there was no enforceable agreement. By his own admission in paragraph 13 of both counts of the complaint, the plaintiff asserts that "the Plaintiff and the [defendants] could not agree on the formal language of the Mutual DistributionAgreement. . . ."

"Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires . . . that there be an actual controversy between or among the parties to the dispute." *State* v. *Preston*, 286 Conn. 367, 373-74, 944, A.2d 276 (2008). "[J]usticiability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudicate a particular matter. . . . . An issue regarding justiciability presents a question of law . . . . The rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . . Accordingly, in determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent [on] some event that has not and indeed may never transpire. . . . [R]ipeness is a sine qua non of justiciability . . . ." (Citations omitted; internal quotation marks omitted.) *Janulawicz* v. *Commissioner of Correction*, 310 Conn. 265, 271, 77 A.3d 113 (2013).

The court has no jurisdiction to enforce an agreement which, by the plaintiff's own admission, was not executed.

By complaint dated November 8, 2017, Sakon filed a complaint against the Estate of M. Teresa Sakonchick in and action entitled, *John Alan Sakon* v. *Estate of M. Teresa Sakonchick*, No.

6

**37**

HHB-CV-176040856. The defendants in that case were James Sakonchick, Donald Sakonchick and Linda Kolpak, as executor of the Estate of M. Teresa Sakonchick. Count One alleged that the Southington Probate Court failed to acknowledge the Will of M. Teresa Sakonchick, which appointed Sakon as executor. Count Two alleged that the Will accepted by the Southington Probate Court had been the product of undue influence. Count Three alleged that the Southington Probate Court had failed to enforce the prior Will and STJKBJ Investment Trust. Count Four alleged that the oral Settlement Agreement was found by Judge Swienton to be clear and unambiguous and the Southington Probate Court failed to enforce said agreement.

This court, Shortall, J.T.R., dismissed the aforementioned action on the grounds that Counts One, Two and Three were clearly appeals from the action of the Probate Court, which were not timely filed under Connecticut General Statutes § 45a-186(a).        Judge Shortall also found that the court had no jurisdiction over Count Four of the complaint because it was also an appeal from the decision of the Probate Court which was not timely filed and because there was a prior pending action involving essentially the same parties and seeking the same relief.

Ruling

Although two judges have clearly held that the court cannot enforce the Court Agreement because Sakon 1)failed to sign the agreement and 2)objected to the probating of the Will of M.Teresa Sakonchick, thereby reneging on a key point of the agreement, and Sakon himself has admitted (May 3, 2017, Complaint) that he failed to execute the written form of the Court Agreement, Sakon now seeks to enforce the Court Agreement.   His allegations in the complaint in this case that said agreement is enforceable are patently untrue, and as such are violations of Practice Book Section 4-2(b).

7

To the extent the complaint seeks to enforce the Court Agreement, this action is dismissed for the same reasons advanced by Judge Young and referred to above: the court has no jurisdiction to enforce an agreement which, by the plaintiff's own admission, was not executed. To the extent some of the counts of this complaint can be interpreted to question prior rulings of the Probate Court, the action is dismissed because it is an appeal from the actions of the Probate Court, which was not timely filed under Connecticut General Statutes § 45a-186(a).

This is the fourth action filed by the plaintiff concerning the same subjects. The plaintiff is prohibited from filing any further actions against his siblings or any other party concerning the Court Agreement, the wills of either parent, any decision of the Probate Court concerning his parents' estates or the STJKBJ Investment Trust, without prior approval of the court.

By the court,

Aurigemma, J.

8

Exhibit C

| | | |
|---|---|---|
| **Return Date:**    **February 13, 2018** | : | **SUPERIOR COURT** |
| | : | |
| **JOHN A. SAKON** | : | **J.D. OF ~~NEW BRITAIN~~** |
| **Vs.** | : | *Hartford* |
| **James N. Sakonchick;** | | |
| **Kratzert, Jones & Associates, Inc.** | | |
| **John Doe 1; John Doe II, John Doe III** | | |
| **John Doe IV; John Doe V** | : | **January 24, 2018** |

## **COMPLAINT**

### COUNT ONE

1. John Alan Sakon (hereinafter "Sakon") is the Plaintiff in this matter and presently lives at 82 Folly Brook Lane, Manchester, Connecticut, 06040.

2. James N. Sakonchick (hereinafter "Sakonchick") is a defendant in this matter and lives at 1272 Notch Road, Cheshire, CT 06410.

3. Kratzert, Jones & Associates, Inc. is a defendant in this matter and has an address of 1755 Meriden-Waterbury Tpke, Milldale, Connecticut, 06467.  James N. Sakonchick is President of Kratzert, Jones & Associates, Inc..  Severino V. Bovino is its Secretary and Andrew J. Quirk is its treasurer.

4. Upon information and belief, John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, were employees of James Sakonchick individually and/or were employees of Kratzert, Jones & Associates, Inc. and were under the direction of James Sakonchick as an individual and as President of Kratzert, Jones & Associates, Inc. and are hereby names as defendants in this action.

**41**

5.  James N. Sakonchick and John Alan Sakon own a building located at 74 New
    London Turnpike, Glastonbury, Connecticut as tenants in common (hereinafter
    "Subject Property").

6.  As a tenant in common, John Sakon took exclusive possession of Suite 1 at the
    subject property (hereinafter "Premises") and used the Premises as his office and
    his residence.

7.  John Sakon did not abandon or surrender the premises.

8.  On or about November 2, 2016,  Sakonchick together with John Doe I, John Doe
    II, John Doe III, John Doe IV and John Doe V (hereinafter "*Entry Force*"), took
    reconnaissance of the Premises by stealth.  When the *Entry Force* observed
    Sakon leaving his premises, the *Entry Force* with violence made forcible entry
    into the Premises of Sakon; removed all the possessions of Sakon from the
    Premises; and changed the locks on the premises.

9.  While Sakon regained control of the Premises and his possessions on
    subsequent dates, given the violent and forcible entry by the defendants, Sakon
    no longer felt safe in the Premises and abandoned same.

10. As a result of the foregoing unlawful acts, Sakon suffered actual damages in an
    amount not presently known in full, but *inter alia* including:

    a.  payment for substitute offices and residence; and

    b.  excessive food and/or healthcare costs through lack of access to Sakon's
        food and health/hygienic supplies; and

    c.  excessive use of professional services, office costs and loss of income
        through lack of access to Sakon's office and office equipment; and



   d.  damage to valuable equipment when it was moved from Premises to storage where it was subsequently damaged; and

   e.  physical damages when Sakon injured himself in attempting to restore his Premises and possessions; and

   f.  physical damages when Sakon was denied his high blood pressure medicines; and

   g.  the cost to restore the premises; and

   h.  the cost of relocation; and

   i.  emotional distress, embarrassment and humiliation.

11. In doing the foregoing unlawful acts, the defendants acted wantonly, willfully, maliciously, without probable cause, without regard for the rights, health, and feelings of Sakon, and with the intent, design, and purpose to injure and oppress Sakon.  As a result, Sakon is entitled to an award of incidental, consequential, exemplary and punitive damages.

## COUNT TWO

1. Paragraphs 1 – 5 of the First Count are hereby made paragraphs 1 – 5 of this the Second count.

6. By agreement, Sakon managed the subject property on behalf of Sakon and Sakonchick.  As the manager of the asset, Sakon routinely entered into leases on behalf of the parties.  On August 11, 2016, Sakon entered into a lease with John Alan Sakon to lease the Premises.

7. Paragraphs 7-10 of the First Count are hereby made paragraphs 7-10 of this the Second count.

11. By the defendant's forcible eviction without legal authority, the defendant
Sakonchick is in violation of the lease.

12. In doing the foregoing unlawful acts, the defendants acted wantonly, willfully,
maliciously, without probable cause, without regard for the rights, health, and
feelings of Sakon, and with the intent, design, and purpose to injure and oppress
Sakon.  As a result, Sakon is entitled to an award of incidental, consequential,
exemplary and punitive damages.

**COUNT THREE**

1. Paragraphs 1–8 of Count One are hereby made paragraphs 1–8 of Count Three.

9. Sakon had hired Kratzert, Jones & Associates to provide Sakon work on his
Glastonbury Development known as *The Shoppes at Avalon*. That said work was
housed and stored in files and computer equipment contained in Suite 1 of the
subject property.

10. That the *Entry Force,* acting as agents of Kratzert, Jones & Associates did
forcibly and without cause remove all the business files, electronic equipment
and property of Sakon together with all the files and work they prepared for *The
Shoppes at Avalon.*

11. That by their actions, Sakon claims that Kratzert, Jones & Associates committed
Professional Malpractice.

12. In doing the foregoing unlawful acts, the defendants acted wantonly, willfully,
maliciously, without probable cause, without regard for the rights, health, and
feelings of Sakon, and with the intent, design, and purpose to injure and oppress

Sakon. As a result, Sakon is entitled to an award of incidental, consequential, exemplary and punitive damages.

## COUNT FOUR

1. Paragraphs 1–10 of Count One are hereby made paragraphs 1–10 of Count Four.

11. Paragraphs 6-11 of Count Two are hereby made paragraphs 11-17 of Count Four.

18. Paragraphs 9-12 of Count Three are hereby made paragraphs 18-21 of Count Four.

21. The actions of the defendants were done in furtherance of their trade and/or business and were committed in reckless indifference to the rights of others and /or intentional and wanton violation of those rights.

22. That the action of Kratzert, Jones & Associates was an Unfair Trade practice and offends Public Policy and Interest.

23. Plaintiff claims punitive damages, attorney fees, expenses and treble damages pursuant to the Connecticut Unfair Trade Practices Act ("CUPTA").

THE PLAINTIFF,

BY: _John Sakon_

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel. (860) 675-4000
johnsakon@sakon.biz

5

**45**

## <u>DEMAND FOR RELIEF</u>

Wherefore, the Plaintiff claims:

1.  Actual Damages.

2.  Incidental Damages.

3.  Consequential Damages.

4.  Costs of this action.

5.  Exemplary and Punitive damages.

6.  Interest.

7.  Attorney's Fees pursuant to CUPTA

8.  Treble Damages pursuant to CUPTA.

9.  Such other and further relief as the Court deems just and equitable.

THE PLAINTIFF,

BY:_____
John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel. (860) 675-4000
johnsakon@sakon.biz

6

# Exhibit D

DOCKET NO. HHD- CV 18-6088742-S : SUPERIOR COURT

JOHN ALAN SAKON : JUDICIAL DISTRICT OF HARTFORD

VS. : AT HARTFORD

JAMES N. SAKONCHICK, ET AL : SEPTEMBER 17, 2020

### MOTION TO DISMISS

The defendants, by and through the undersigned counsel, hereby move to dismiss the plaintiff's lawsuit for lack of standing. For the reasons set forth in the attached Memorandum of Law, the plaintiff is now a Chapter 7 bankruptcy debtor, with a bankruptcy trustee overseeing the bankruptcy estate. Accordingly, the plaintiff does not have standing to pursue a claim that constitutes property of the bankruptcy estate. _Weiss v. Smulders_, 313 Conn. 227, 240 (2014). The issue of standing implicates subject matter jurisdiction and may be a proper basis for granting a Motion to Dismiss. _Electrical Contractors, Inc. v. Dept. of Education_, 303 Conn. 402, 413 (2012).

Wherefore, and for all the foregoing reasons, the defendants move to dismiss this matter due to the plaintiff's lack of standing.

THE DEFENDANTS,

BY_____/s/408571_____
        Michael C. Deakin
        Esty & Buckmir, LLC
        2340 Whitney Avenue
        Hamden, CT 06518
        Juris #:  415435
        (203) 248-5678 – phone
        (203) 288-9974 – fax
        mdeakin@estyandbuckmir.com

ESTY & BUCKMIR, LLC
2340 Whitney Avenue
Hamden, Connecticut 06518
Tel. (203) 248-5678    Juris No. 415435

1

**48**

**CERTIFICATION**

    This is to certify that a copy of the foregoing was provided by mail or electronic mail pursuant to Practice Book Section 10-13 to all counsel of record including:

John Alan Sakon
82 Folly Brook Lane
Manchester, CT  06040
johnsakon@sakon.biz

Deborah L. Dorio, Esquire
Pease & Dorio, P.C.
316 Main Street, Building C
Farmington, CT  05032
ddorio@peaseanddoriolaw.com

                                          /s/408571
                                          Michael C. Deakin

ESTY & BUCKMIR, LLC
2340 Whitney Avenue
Hamden, Connecticut 06518
Tel. (203) 248-5678    Juris No. 415435

2

49

# Exhibit E

DOCKET NO.  19-21619            :        UNITED STATES
                               :        BANKRUPCY COURT
RE: JOHN ALAN SAKON            :
                               :
                               :        DISTRICT OF
                               :        CONNECTICUT
                               :
                               :        October 15, 2019


## "33. SCHEDULE OF POTENTIAL AND PENDING CLAIMS AGAINST THIRD PARTIES"

The Debtor, John A. Sakon (hereinafter "Debtor", "debtor", "John Sakon" )

declares the following potential and pending claims against third parties:

1. Claim against the Town of Glastonbury, Connecticut for Inverse

   Condemnation arising out of zoning regulations intentionally adopted to

   specifically to prevent the development of the debtor's properties

   located in town.


2. 42 **U.S.C.** § **1983 c**laim against the Town of Glastonbury, Connecticut

   for civil rights violations, racial discrimination, religious discrimination

   and intentional unequal treatment under the color of law (Federal and

   State) as to the debtor.

3. Claim against Francelia Marie Sevin Sakon for intentional destruction

   of evidence in anticipation of a civil or criminal proceeding:

   a.  by the destruction of physical documents (prenuptial

      agreement);

   b.  by the destruction of approximately 5,771electronic files on the

      debtor's personal computers and on debtor's business cloud

      network on June 22, 2016;

   c.  by the destruction of approximately 4,627 electronic files on the

      debtor's personal computers and on debtor's business cloud

      network on September 5, 2016.

4.  Claim against the Glastonbury Police Department; the Town of

   Glastonbury, Connecticut; Francelia Marie Sevin Sakon and Hartford

   Interval House for violation of rights of free speech, false arrest, illegal

   detention, imprisonment, malicious prosecution, libel and slander

   arising, *inter alia*, out of an arrest on 8/10/2016 for Disorderly Conduct

   (for allegedly "ripping up a piece of paper" in his home).  The debtor

   prevailed in criminal court proceedings.    H12M-CR16-0256989-S.

5.  Claim against the Glastonbury Police Department; the Town of

   Glastonbury, Connecticut; and Francelia Marie Sevin Sakon for

   unreasonable  search and seizure, false arrest, illegal detention,

   imprisonment, malicious prosecution, libel and slander arising, *inter

   alia*, out of an arrest on 8/30/2016 for 9 felonies on the charges of

Violations of a Protective Order.  The debtor prevailed at jury trial in criminal court proceedings.    H12M-CR16-0257222-S.

6. Claim against the Connecticut State Police and the State of Connecticut; Dennis O'Toole; and Francelia Marie Sevin Sakon for false arrest, illegal detention, imprisonment, malicious prosecution, negligent destruction of evidence, intentional destruction of evidence, libel and slander arising, *inter alia*, out of an arrest on 9/22/2016 for a felony violation of Protective Order (the debtor was arrested for walking past a protected party in a criminal court lobby prior to a Fernando Proceeding).  The debtor prevailed in criminal court proceedings. H12M-CR16-0257478-S.

7. Claim against the Glastonbury Police Department and the Town of Glastonbury, Connecticut for false arrest, illegal detention, imprisonment, malicious prosecution, libel and slander arising, *inter alia*, out of an arrest on 10/17/2016 on the felony charge of Larceny in the 1st Degree. (This claim was the intentional use of criminal proceedings to advance a defense in a civil claim.  The civil case was settled in favor of the debtor for 9x the amount of the alleged theft). The debtor prevailed in criminal court proceedings.    H12M-CR16-0257732-S.

8. Claim against the Manchester Police Department; the Town of
   Manchester, Connecticut; Francelia Marie Sevin Sakon, Hartford
   Interval House, Attorney Seth Conant and the law Firm of Freed
   Marcroft for false arrest, illegal detention, imprisonment, malicious
   prosecution, libel and slander arising, *inter alia*, out of an arrest on
   8/30/2016 for 3 felonies for Criminal Violation of a Protective Order (the
   pro se debtor sent proposed settlement communications to Ms. Sevin's
   divorce counsel in Family Court Proceedings).  The debtor prevailed in
   criminal court proceedings.   H12M-CR17-0259330-S.

9. Claim against the Manchester Police Department; the Town of
   Manchester, Connecticut; Francelia Marie Sevin Sakon, the State of
   Connecticut and Hartford Interval House, for false arrest, illegal
   detention, unreasonable bond, imprisonment, malicious prosecution,
   libel and slander arising, *inter alia*, out of an arrest on 05/18/2017 for
   the felony of Criminal Violation of a Protective Order (the pro se debtor
   sent an email to Little League to add Ms. Sevin to the team email list
   on April 7, 2017).  The debtor spent time in prison for failure to make
   bond. The debtor prevailed in criminal court proceedings.   H12M-
   CR17-0260018-S.

10.    Claim against the Manchester Police Department; the Town of

Manchester, Connecticut; Francelia Marie Sevin Sakon, the State of

Connecticut and Hartford Interval House, for false arrest, illegal

detention, unreasonable bond, imprisonment, malicious prosecution,

libel and slander arising, *inter alia*, out of an arrest on 06/28/2017 for

the felony of Criminal Violation of a Protective Order and Criminal

Violation of a Restraining Order (the pro se debtor gave his son a $100

in a birthday card for the child's birthday and wrote on it "Odin",

"Haircut" and "Cloths").  The debtor spent over 4 months in a

SuperMax prison for failure to make bond. The debtor prevailed in

criminal court proceedings.    H12M-CR17-0260475-S.

11.    Claim against the Glastonbury Police Department; the Town of

Glastonbury, Connecticut; and Officer Michael Roberts for

42 **U.S.C.** § **1983 claim,**  intentional assault and battery, assault with a

motor vehicle, injury, false arrest, illegal detention, imprisonment,

malicious prosecution, libel and slander arising, *inter alia*, out of an

arrest on 06/21/2018 for Breach of Peace 2nd and False Statement 2nd

(on 5/28/2018, eleven days after John Sakon publicly accused the

Town of Glastonbury and its Police Department of being corrupt, John

Sakon was riding his bicycle in town and a truck driven by Officer

Michael Roberts overtook and hit John Sakon and ran him off the road causing him to crash and sustain severe injuries).  Mr. Sakon was arrested 3 weeks later after his attorney contacted the Police Records Department to bring civil suit.   The debtor prevailed in criminal court proceedings.    H12M-CR18-0264343-S.

12.    Claim against James N. Sakonchick, Linda T. Kolpak, Stephen Sakonchick II, and Donald Sakonchick for specific performance of a Court Settlement Agreement of June 6, 2016 brought in the Superior Court of Connecticut at New Britain HHB-CV18-5023514-S.

13.    Claim against James N. Sakonchick, Kratzert Jones & Associates, John Doe I, John Doe II, John Doe III, John Doe IV and John Doe V, for, *inter alia,* tortious injury, breaking and entering, burglary, negligent infliction of emotional distress, and intentional infliction of emotional distress (torts occurring in the fall of 2016) brought in the Superior Court of Connecticut at Hartford HHD-CV18-6088742-S.

14.    Anticipated Claim against the Glastonbury Police Department, the Town of Glastonbury, Connecticut and James Sakonchick for false arrest, illegal detention, imprisonment, malicious prosecution, libel and slander arising, *inter alia*, out of an arrest on or about 10/29/2018 on the felony charge of Larceny in the 1st Degree.  An additional

6

**56**

42 U.S.C. § 1983 claim is anticipated for the failure of the Glastonbury

Police Department's refusal to investigate and make an arrest after the

breaking and entering and burglary of Mr. Sakon's offices.  This claim

is the intentional use of criminal proceedings to advance a civil defense

of the claim noted in paragraph 13 above.  The debtor is contesting the

charges, has refused to settle with the alleged victim and anticipates

prevailing in criminal court proceedings.   H12M-CR18-0265434-O.


By:

_____

John Alan Sakon, Pro Se
82 Folly Brook Lane
Manchester, CT 06040
Tel: (860) 675-4000
Fax: (860) 675-4600
Email: johnsakon@sakon.biz

Exhibit F

| RETURN DATE:  DECEMBER 30, 2014 | : | SUPERIOR COURT |
| CYHANI VENTURES, INC. | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| JOHN ALAN SAKON, ET AL. | : | NOVEMBER 14, 2014 |

## COMPLAINT

1.      The Plaintiff, CYHANI VENTURES, INC. ("CYHANI") is a Canadian corporation with a business address of 42 Protea Gardens, Toronto, Ontario, Canada M3K 2W6.

2.      The Defendant, John Alan Sakon (the "Defendant"), is a Connecticut resident with an address of 158 Blue Ridge Drive, Vernon, CT 06066.

3.      By Noted dated January 25, 2008, (the "Note") the Defendant promised to pay to Berkshire Bank the sum of TWO MILLION EIGHT HUNDRED THOUSAND and 00/100 ($2,800,000.00) DOLLARS payable with interest thereon as provided in the Note.

4.      To secure the Note, the Defendant granted a mortgage on real properties known as i) 131 Griswold Street; ii) Griswold Street Rear; and iii) Main Street Rear (the "Mortgaged Premises") which mortgage was dated January 25, 2008, and recorded on January 25, 2008, in Volume 2524 at Page 28 of the Glastonbury Land Records (hereinafter the "Mortgage"). A copy of Mortgaged Premises' Description is hereto as Exhibit A, incorporated herein and made a part hereof.

**59**

5.    Said Mortgage was assigned to Cyhani Ventures, Inc. by instrument dated August 28, 2013 and recorded August 30, 2013 in Volume 3133 at Page 316; and as modified by instrument dated August 29, 2013 and recorded August 30, 2013 in Volume 3133 at Page 321; as further amended by instrument dated October 28, 2013 and recorded November 1, 2013 in Volume 3147 at Page 149; as further amended by instrument dated December 12, 2013 and recorded December 13, 2013 in Volume 3155 at Page 257 of the Glastonbury Land Records.

6.    Cyhani is the owner and holder of the Note and Mortgage.

7.    The entire unpaid principal balance of the Note, plus all accrued but unpaid interest, and all other amounts owing were due and payable in full on August 31, 2014 (the "Maturity Date").

8.    The Defendant is in default for failure to pay in full all sums due on or before the Maturity Date and Cyhani has exercised its right to demand payment in full of the entire outstanding principal balance, together with interest accrued thereon, late charges and such other charges, including reasonable attorney's fees, as are due thereon.

9.    Despite demand, there is now due and currently outstanding the principal sum of Two Million Seven Hundred Twenty Thousand Seven Hundred Fifty Five and 85/100 Dollars ($2,720,755.85), together with interest, late charges and the expenses of this action including reasonable attorney's fees. A copy of the Lis Pendens is attached hereto as Exhibit B.

10.    The following encumbrances of record may be prior in right to the Mortgage being foreclosed herein:

**60**

a. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2009 in the amount of $3,560.76 dated March 10, 2011 and recorded in Volume 2861 at Page 248 of the Glastonbury Land Records.

b. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2009 in the amount of $2,644.78 dated March 10, 2011 and recorded in Volume 2861 at Page 250 of the Glastonbury Land Records.

c. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2009 in the amount of $7,148.62 dated March 10, 2011 and recorded in Volume 2861 at Page 249 of the Glastonbury Land Records.

d. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2010 in the amount of $21,035.00 dated March 22, 2012 and recorded in Volume 2961 at Page 110 of the Glastonbury Land Records.

e. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2010 in the amount of $2,680.46 dated March 22, 2012 and recorded in Volume 2961 at Page 109 of the Glastonbury Land Records.

f. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2010 in the amount of $7,245.06 dated March 22, 2012 and recorded in Volume 2961 at Page 111 of the Glastonbury Land Records.

g. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2011 in the amount of $21,350.00 dated March 14, 2013 and recorded in Volume 3079 at Page 142 of the Glastonbury Land Records.

h. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2011 in the amount of $2,720.60 dated March 14, 2013 and recorded in Volume 3079 at Page 141 of the Glastonbury Land Records.

i. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2011 in the amount of $7,353.56 dated March 14, 2013 and recorded in Volume 3079 at Page 143 of the Glastonbury Land Records.

j. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2012 in the amount of $24,075.10 dated March 6, 2014 and recorded in Volume 3168 at Page 174 of the Glastonbury Land Records.

k. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2012 in the amount of $2,235.88 dated March 6, 2014 and recorded in Volume 3168 at Page 173 of the Glastonbury Land Records.

l.  Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2012 in the amount of $6,570.72 dated March 6, 2014 and recorded in Volume 3168 at Page 175 of the Glastonbury Land Records.

m. Lis Pendens in favor of the Town of Glastonbury dated October 25, 2012 and recorded October 26, 2012 in Volume 3033 at Page 7 of the Glastonbury Land Records.

n. Lien in favor of the Water Bureau of the Metropolitan District in the amount of $1,490.55 dated July 17, 2014 and recorded July 28, 2014 in Volume 3197 at Page 348 of the Glastonbury Land Records.

11.    The property is not subject to any liens or encumbrances which are

subsequent in right to that of the Plaintiff.

12.    The Plaintiff has been damaged as a result of the failure of the Defendant

to pay sums due under the Note and Mortgage as the same became due.

13.    The Defendant is the owner of the property and is in possession of the

same.


WHEREFORE, the Plaintiff claims:

1. Foreclosure of the mortgage;

2. Deficiency judgment against the defendant (unless precluded by a bankruptcy filing);

3. Attorney's fees and costs (unless precluded by a bankruptcy filing);

4. Immediate possession of the mortgaged property;

5. Damages (unless precluded by a bankruptcy filing) and

6. Such other and future equitable relief as may be required.

**62**

PLAINTIFF,
CYHANI VENTURES, INC.,

By:_____
    Melanie Dykas, Esq.
    HALLORAN & SAGE LLP
    225 Asylum Street
    Hartford, Connecticut  06103
    Juris No. 26105
    Its Attorney

| RETURN DATE:  DECEMBER 30, 2014 | : | SUPERIOR COURT |
| CYHANI VENTURES, INC . | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| JOHN ALAN SAKON, ET AL. | : | NOVEMBER 14, 2014 |

## NOTICE

The following notice is provided pursuant to the Fair Debt Collection Practice Act:

THIS IS AN EFFORT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  The amount of debt you owe to the above-captioned Plaintiff, excludes interest, Attorneys' fees and costs of collection incurred to date is TWO MILLION SEVEN HUNDRED TWENTY THOUSAND SEVEN HUNDRED FIFTY FIVE AND 85/100 DOLLARS ($2,720,755.85).

Unless you, within thirty (30) days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by this office.

If you notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office will obtain a verification of the debt or copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office.

Upon your written request within thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

PLAINTIFF,
CYHANI VENTURES, INC.,

By:

Melanie Dykas, Esq.
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, Connecticut  06103
Juris No. 26105
Its Attorney

**64**

| | | |
|---|---|---|
| RETURN DATE:  DECEMBER 30, 2014 | : | SUPERIOR COURT |
| | : | |
| CYHANI VENTURES, INC . | : | J.D. OF HARTFORD |
| | : | |
| VS. | : | AT HARTFORD |
| | : | |
| JOHN ALAN SAKON, ET AL. | : | NOVEMBER 14, 2014 |

### NOTICE

A PERSON WHO IS UNEMPLOYED OR UNDEREMPLOYED AND WHO HAS (FOR A CONTINUOUS PERIOD FOR AT LEAST TWO (2) YEARS PRIOR THE COMMENCEMENT OF THIS FORECLOSURE ACTION) OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS SUCH PERSON'S PRINCIPAL RESIDENCE, AND HAVE NOT RECEIVED AN EMERGENCY MORTGAGE ASSISTANCE LOAN AND HAVE NOT APPLIED FOR EMERGENCY MORTGAGE ASSISTANCE FOR TWO YEARS BEFORE THE APPLICATION UNDER P.A. 93-414, YOU MAY BE ENTITLED TO CERTAIN RELIEF PROVISIONS UNDER CONNECTICUT GENERAL STATUTES SECTION 49-31d THROUGH 49-31i.  YOU SHOULD CONSULT AN ATTORNEY TO DETERMINE YOUR RIGHTS UNDER THESE STATUTES.  THESE STATUTES REQUIRE THAT IF PROTECTION IS DESIRED, AN APPLICATION FOR RELIEF MUST BE FILED WITH TWENTY-FIVE (25) DAYS OF THE RETURN DATE.

PLAINTIFF,
CYHANI VENTURES, INC.,

By: _____
Melanie Dykas, Esq.
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, Connecticut  06103
Juris No. 26105
Its Attorney

| RETURN DATE:  DECEMBER 30, 2014 | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| CYHANI VENTURES, INC . | : | J.D. OF HARTFORD |
| | : | |
| VS. | : | AT HARTFORD |
| | : | |
| JOHN ALAN SAKON, ET AL. | : | NOVEMBER 14, 2014 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than Fifteen

Thousand and No/100 ($15,000.00) Dollars, exclusive of interests and costs.

PLAINTIFF,
CYHANI VENTURES, INC.,

By:

Melanie Dykas, Esq.
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, Connecticut  06103
Juris No. 26105
Its Attorney

# EXHIBIT A

Exhibit A

## 131 Griswold Street (Parcel 1)

All that certain piece or parcel of land as shown on a map entitled "SURVEY OF
PROPERTY TO BE ACQUIRED BY JOHN ALAN SAKON DBA SAKON DEVELOPMENT OF AVON
GRISWOLD STREET GLASTONBURY, CT. SCALE 1" = 40' JUNE 26, 1984" which survey
was prepared and certified by James Sakonchick, to be filed in the Town
Clerk's Office of the Town of Glastonbury.

Being more particularly bounded and described as follows:

Beginning at a point in the northerly line of Griswold Street at a monument
which monument is located at the intersection of the terminus of the
Connecticut Non-Access Highway Line and the northerly street line of Griswold
Street: thence running N 21° 59' 40" W, 349.24 feet to an iron pin; thence
running along a curve having a delta angle of 14° 31' 58" and a radius of
359 feet for a distance of 90.81 feet; thence running N 63° 03' 18" W,
264.31 feet to an iron pin; thence running N 39° 14' 10" W a distance of
295.47 feet; thence turning and running S 79° 13' 40" W, 76.55 feet; thence
turning and running S 9° 53' 09" E, 500.36 feet to an iron pin; thence
turning and running N 80° 44' 50" E, 200.06 feet; thence running N 80°
44'50" E, 241.49 feet to an iron pin; thence running S 21° 59' 40" E, 329.71
feet to a point in the westerly line of Griswold Street; thence turning and
running along the westerly line of Griswold Street N 80° 32'14" E, 51.22
feet to the point and place of beginning.

Together with an Easement from Mary Randazzo, Trustee, to John
Alan Sakon dated February 11, 1999, recorded in Volume 1245 at
Page 164 of the Glastonbury Land Records:

Together with any and all easements appearing of record.

Book2524/Page52

4.922 Acres on the easterly side of Main Street,
known as Main Street Rear (8E Main Street) (Parcel 2)

a certain piece or parcel of land together with the buildings and
improvements thereon, situated in the Town of Glastonbury, County
of Hartford and State of Connecticut to the rear of the easterly
side of Main Street and being more particularly bounded and
described as follows, to wit:

beginning at a point in the northerly line of land now or formerly
of Caroline I. Liebler; which point is two hundred sixty-nine and
six one-hundredths (269.06) feet easterly of the easterly line of
Main Street as measured along the northerly boundary line of land
now or formerly of Raymond M. Carra et al and Caroline I. Liebler
and which point also marks the southeasterly corner of land now or
formerly of Friendly Ice Cream Corp. of Conn.; thence running N 2°
34' 34" E for a distance of one hundred forty and four one-
hundredths (140.04) feet to a point marked by an iron pin; thence
running N 87° 25' 26" W for a distance of eighty-four and no one-
hundredths (84.00) feet to a point marked by an iron pin, the last
two (2) courses and distances being along land now or formerly of
Friendly Ice Cream Corp. of Conn.; thence running N 4° 48' 52" E
along land now or formerly of Mobil Oil Corp. for a distance of
one hundred four and eighty-nine one-hundredths (104.89) feet to a
point marked by a merestone; thence running S 87° 30' 25" E along
land now or formerly of Thomas G. Hanager for a distance of nine
hundred twenty and no one-hundredths (920.00) feet to a point
marked by an iron pin; thence running S 2° 36' 39" W along land
now or formerly of Triad Associates, Inc. for a distance of two
hundred forty-five and no one-hundredths (245.00) feet to a point
marked by an iron pin; thence running N 87° 30' 25" W along land
now or formerly of St. Marks Evangelical Lutheran Church and
Edward Waldman et al, partly by each, in all, for a distance of
eight hundred eight and seventy-nine one-hundredths (808.79) feet
to a point marked by a merestone; thence running N 87° 25' 26" W
along other land now or formerly of Caroline I. Liebler, for a
distance of thirty-one and fifteen one-hundredths (31.15) feet to
the point or place of beginning, containing in all, 4.922 acres,
more or less.

Together with an easement over property of Friendly Ice Cream
Corp. of Conn. for purpose of ingress and egress and for all other
purposes for which a highway is ordinarily used, as of record
appears.

Together with an easement between Expressway Associates I and
Expressway Associates II, dated August 1, 1985 and recorded August
5, 1985 at 2:12 p.m. in the Glastonbury Land Records.

Together with an Easement from Mary Randazzo, Trustee, to John
Alan Sakon dated February 11, 1999, recorded in Volume 1245 at
Page 164 of the Glastonbury Land Records.

1.82 Acres on the northerly side of Griswold Street,
known as Griswold Street Rear (28 Griswold) (Parcel 3)

a certain piece or parcel of land located in the Town of
Glastonbury, County of Hartford and State of Connecticut, which
parcel of land is hereinafter referred to as the "premises" and
which is more particularly bounded and described as follows, to
wit:

Commencing at the Northwest corner of the parcel herein
described, thence N 79°-17'-55" E, a distance of 375.56 feet
along land of Expressway Associates II to a point; thence S
09°-53'-09" E, a distance of 176.80 feet along land of
Expressway Associates I to a point; thence S 78°-55'-41" W,
a distance of 219.62 feet along other land of the Grantor to
a point; thence S 09°-43'-30" E, a distance of 91.92 feet
along other land of the Grantor to a point; thence S
79°-25'-30" W, a distance of 156.03 feet along land of
Richard H. and Edward F. Tomkievich to a point; thence N
09°-23'-29" W, a distance of 269.84 feet along land of
Brewster Apartments to a point, said point at the point and
place of commencement.

Together with an Easement from Mary Randazzo, Trustee, to John
Alan Sakon dated February 11, 1999, recorded in Volume 1245 at
Page 164 of the Glastonbury Land Records.

Together with all easement rights contained in an Agreement
dated December 3, 1979 and recorded in Volume 243 at Page 578
of the Glastonbury Land Records.

# EXHIBIT B

INSTR # 2014008188
VOL3221 Pgs 39-44
RECORDED 11/18/2014  09:47:25 AM
JOYCE P. MASCENA
TOWN CLERK  GLASTONBURY CT

Return to:
Melanie Dykas, Esq.
HALLORAN & SAGE, LLP
225 Asylum Street
Hartford, CT 06103

| | | |
|---|---|---|
| RETURN DATE:  DECEMBER 30, 2014 | : | SUPERIOR COURT |
| CYHANI VENTURES, INC. | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| JOHN ALAN SAKON, ET AL. | : | NOVEMBER 14, 2014 |

## LIS PENDENS

KNOW ALL MEN BY THESE PRESENTS:

Notice is hereby given of the pendency of a civil action brought by CYHANI

VENTURES, INC. with its principal offices in Toronto, Ontario, Canada is the plaintiff

and JOHN ALAN SAKON is the defendant, brought by writ dated November 14, 2014

made returnable to the Superior Court for the Judicial District of Hartford at

Hartford on the 30th day of December 2014, to foreclose a certain mortgage from JOHN

ALAN SAKON dated January 25, 2008 and recorded at Volume 2524 at Page 28 of the

Glastonbury Land Records and to obtain possession of the mortgaged premises.

The real estate affected by the civil action described in said mortgage deed is the

following:

See Schedule A attached hereto.

Dated at Hartford, Connecticut this 14th day of November, 2014.

I CERTIFY THIS TO BE A TRUE COPY OF
THE DOCUMENT RECORDED IN THE
GLASTONBURY LAND RECORDS. DATED
AT GLASTONBURY, CT THIS _18th_
DAY OF _NOV. 2014_ .

Lisa Brush asst
TOWN CLERK

THE PLAINTIFF,
CYHANI VENTURES, INC.,

By

Melanie Dykas, Esq. of
HALLORAN & SAGE, LLP
225 Asylum Street
Hartford, CT 06103
Its Attorneys

Exhibit A

## 131 Griswold Street (Parcel 1)

All that certain piece or parcel of land as shown on a map entitled "SURVEY OF PROPERTY TO BE ACQUIRED BY JOHN ALAN SAKON DBA SAKON DEVELOPMENT OF AVON GRISWOLD STREET GLASTONBURY, CT. SCALE 1" = 40' JUNE 26, 1984" which survey was prepared and certified by James Sakonchick, to be filed in the Town Clerk's Office of the Town of Glastonbury.

Being more particularly bounded and described as follows:

Beginning at a point in the northerly line of Griswold Street at a monument which monument is located at the intersection of the terminus of the Connecticut Non-Access Highway Line and the northerly street line of Griswold Street; thence running N 21° 59' 40" W, 349.24 feet to an iron pin; thence running along a curve having a delta angle of 14° 31' 58" and a radius of 359 feet for a distance of 90.81 feet; thence running N 63° 03' 18" W, 264.31 feet to an iron pin; thence running N 39° 14' 10" W a distance of 295.47 feet; thence turning and running S 79° 13' 40" W, 76.55 feet; thence turning and running S 9° 53' 09" E, 500.36 feet to an iron pin; thence turning and running N 80° 44' 50" E, 200.06 feet; thence running N 60° 44'50" E, 241.49 feet to an iron pin; thence running S 21° 59' 40" E, 329.71 feet to a point in the westerly line of Griswold Street; thence turning and running along the westerly line of Griswold Street N 80° 32'14" E, 51.22 feet to the point and place of beginning.

Together with an Easement from Mary Randazzo, Trustee, to John Alan Sakon dated February 11, 1999, recorded in Volume 1245 at Page 164 of the Glastonbury Land Records:

Together with any and all easements appearing of record.

4.922 Acres on the easterly side of Main Street,
known as Main Street Rear (8E Main Street) (Parcel 2)

a certain piece or parcel of land together with the buildings and
improvements thereon, situated in the Town of Glastonbury, County
of Hartford and State of Connecticut to the rear of the easterly
side of Main Street and being more particularly bounded and
described as follows, to wit:

Beginning at a point in the northerly line of land now or formerly
of Caroline I. Liebler, which point is two hundred sixty-nine and
six one-hundredths (269.06) feet easterly of the easterly line of
Main Street as measured along the northerly boundary line of land
now or formerly of Raymond M. Carra et al and Caroline I. Liebler
and which point also marks the southeasterly corner of land now or
formerly of Friendly Ice Cream Corp. of Conn.; thence running N 2°
34' 34" E for a distance of one hundred forty and four one-
hundredths (140.04) feet to a point marked by an iron pin; thence
running N 87° 25' 26" W for a distance of eighty-four and no one-
hundredths (84.00) feet to a point marked by an iron pin, the last
two (2) courses and distances being along land now or formerly of
Friendly Ice Cream Corp. of Conn.; thence running N 4° 48' 52" E
along land now or formerly of Mobil Oil Corp. for a distance of
one hundred four and eighty-nine one-hundredths (104.89) feet to a
point marked by a merestone; thence running S 87° 25' 25" E along
land now or formerly of Thomas G. Manager for a distance of nine
hundred twenty and no one-hundredths (920.00) feet to a point
marked by an iron pin; thence running S 2° 36' 39" W along land
now or formerly of Triad Associates, Inc. for a distance of two
hundred forty-five and no one-hundredths (245.00) feet to a point
marked by an iron pin; thence running N 87° 30' 25" W along land
now or formerly of St. Marks Evangelical Lutheran Church and
Edward Waldman et al, partly by each, in all, for a distance of
eight hundred eight and seventy-nine one-hundredths (808.79) feet
to a point marked by a merestone; thence running N 87° 25' 26" W
along other land now or formerly of Caroline I. Liebler, for a
distance of thirty-one and fifteen one-hundredths (31.15) feet to
the point or place of beginning. containing in all, 4.922 acres,
more or less.

Together with an easement over property of Friendly Ice Cream
Corp. of Conn. for purpose of ingress and egress and for all other
purposes for which a highway is ordinarily used, as of record
appears.

Together with an easement between Expressway Associates I and
Expressway Associates II, dated August 1, 1985 and recorded August
5, 1985 at 2:12 p.m. in the Glastonbury Land Records.

Together with an Easement from Mary Randazzo, Trustee, to John
Alan Sakon dated February 11, 1999, recorded in Volume 1245 at
Page 164 of the Glastonbury Land Records.

1.82 Acres on the northerly side of Griswold Street,
known as Griswold Street Rear (28 Griswold) (Parcel 3)

a certain piece or parcel of land located in the Town of
Glastonbury, County of Hartford and State of Connecticut, which
parcel of land is hereinafter referred to as the "Premises" and
which is more particularly bounded and described as follows, to
wit:

Commencing at the Northwest corner of the parcel herein
described; thence N 79°-17'-55" E, a distance of 373.56 feet
along land of Expressway Associates II to a point; thence S
09°-53'-09" E, a distance of 176.80 feet along land of
Expressway Associates I, to a point; thence S 78°-55'-41" W,
a distance of 219.62 feet along other land of the Grantor to
a point; thence S 09°-43'-30" E, a distance of 91.92 feet
along other land of the Grantor to a point; thence S
79°-25'-30" W, a distance of 156.03 feet along land of
Richard R. and Edward F. Tomkievich to a point; thence N
09°-23'-29" W, a distance of 269.84 feet along land of
Brewster Apartments to a point, said point at the point and
place of commencement.

Together with an Easement from Mary Randazzo, Trustee, to John
Alan Sakon dated February 11, 1999, recorded in Volume 1245 at
Page 164 of the Glastonbury Land Records.

Together with all easement rights contained in an Agreement
dated December 3, 1979 and recorded in Volume 243 at Page 578
of the Glastonbury Land Records.

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [X] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 )548-2700 | September  12 , 2017 |

| | | | |
|---|---|---|---|
| [X] Judicial District | [ ] G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
| [ ] Housing Session | Number: | Hartford | Major: **P**   Minor: **00** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| McElroy, Deutsch, Mulvaney & Carpenter, LLP, 30 Jelliff Lane, Southport, CT 06890 | 412157 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 319-4000 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept service (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [X] Yes  [ ] No | Email address for delivery of papers under Section 10-13 *(if agreed to)* kmayhew@mdmc-law.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 3 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Cyhani Ventures, Inc.  Address: 42 Protea Gardens, Toronto, Ontario, Canada M3K2W6 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: HOC Holdings, LLC  Address: 424 Weldrick Road East, Richmond Hill, Ontario, Canada L4B2M5 | D-01 |
| Additional Defendant | Name: Superior Products Distributors, Inc., 1403 Meriden-Waterbury Road, Milldale, CT 06467  Address: Agent: Jeffrey M. Donofrio, 127 Washington Avenue, North Haven, CT 06473 | D-02 |
| Additional Defendant | Name: Red Door Construction, LLC, 96 Old Widsor Road, Bloomfield, CT 06002  Address: Agent: Scott J. Brickey, 4 Mathers Crossing, Simsbury, CT 06070 | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [X] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left  Kristin B. Mayhew, Esq. | Date signed 8/17/17 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

(a) Family matters (for example divorce, child support,
    custody, paternity, and visitation matters)
(b) Summary Process actions
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals

(f) Proceedings pertaining to arbitration
(g) Any actions or proceedings in which an attachment,
    garnishment or replevy is sought
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 90 | All other | | | |
| Eminent Domain | E 00 | State Highway Condemnation | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 20 | Other State or Municipal Agencies | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 12 | Defective Premises - Public - Other |
| | E 90 | All other | | T 20 | Products Liability - Other than Vehicular |
| | | | | T 28 | Malpractice - Medical |
| Miscellaneous | M 00 | Injunction | | T 29 | Malpractice - Legal |
| | M 10 | Receivership | | T 30 | Malpractice - All other |
| | M 20 | Mandamus | | T 40 | Assault and Battery |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 50 | Defamation |
| | M 40 | Arbitration | | T 61 | Animals - Dog |
| | M 50 | Declaratory Judgment | | T 69 | Animals - Other |
| | M 63 | Bar Discipline | | T 70 | False Arrest |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | T 71 | Fire Damage |
| | M 68 | Bar Discipline - Inactive Status | | T 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 83 | Small Claims Transfer to Regular Docket | | V 05 | Motor Vehicles* - Property Damage only |
| | M 84 | Foreign Protective Order | | V 06 | Motor Vehicles* - Products Liability Including Warranty |
| | M 90 | All other | | V 09 | Motor Vehicle* - All other |
| | | | | V 10 | Boats |
| Housing | H 10 | Housing  - Return of Security Deposit | | V 20 | Airplanes |
| | H 12 | Housing  - Rent and/or Damages | | V 30 | Railroads |
| | H 40 | Housing  - Audita Querela/Injunction | | V 40 | Snowmobiles |
| | H 50 | Housing  - Administrative Appeal | | V 90 | All other |
| | H 60 | Housing  - Municipal Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | H 90 | Housing  - All Other | | | |
| | | | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | | | | W 90 | All other |

JD-CV-1  Rev. 4-16 (Back/Page 2)

**RETURN DATE: SEPTEMBER 12, 2017**
**DOCKET NO. HHD-CV-14-6056422-S**

| | |
|---|---|
| CYHANI VENTURES, INC., ) | SUPERIOR COURT |
| ) | JUDICIAL DISTRICT OF |
| Plaintiff ) | HARTFORD |
| ) | |
| v. ) | AT HARTFORD |
| ) | |
| JOHN ALAN SAKON, HOC HOLDINGS, LLC, ) | |
| SUPERIOR PRODUCTS DISTRIBUTORS, ) | |
| INC., and RED DOOR CONSTRUCTION, ) | AUGUST 17, 2017 |
| LLC ) | |
| ) | |
| Defendants ) | |

## AMENDED COMPLAINT

**Allegations Common to All Counts**

### The Parties

1.     The Plaintiff, Cyhani Ventures, Inc. ("Cyhani") is a Canadian corporation with a business address of 42 Protea Gardens, Toronto, Ontario, Canada M3K 2W6.

2.     The Defendant, John Alan Sakon (the "Defendant") is a Connecticut resident with an address of 998 Hillstown Road, Glastonbury, Connecticut.

3.     The Defendant HOC Holdings, LLC ("HOC Holdings") is a Canadian corporation with a business address of 424 Weldrick Road East, Richmond Hill, Ontario, Canada L4B2M5.

4.     The Defendant Superior Products Distributors, Inc. ("Superior Products") is a corporation organized and existing under the laws of Connecticut with a business address of 1403 Meriden-Waterbury Road, Milldale, Connecticut 06467.

1

5.     The Defendant Red Door Construction, LLC is a limited liability company organized and existing under the laws of Connecticut with a business address of 96 Old Windsor Road, Bloomfield, Connecticut 06070.

**The Loan Documents**

6.     By Note dated January 25, 2008 (the "Note"), the Defendant promised to pay to Berkshire Bank the sum of $2,800,000.00 payable with interest thereon as provided in the Note.

7.     To secure the Note, the Defendant granted a mortgage on that certain real property known as: (i) 131 Griswold Street, Glastonbury, Connecticut; (ii) Griswold Street Rear, Glastonbury, Connecticut; and (iii) Main Street Rear, Glastonbury, Connecticut (the "Property") which mortgage was dated January 25, 2008, and recorded on January 25, 2008, in Volume 2524 at Page 28 of the Glastonbury Land Records (hereafter, the "Mortgage"). A copy of the Property description is attached hereto as Exhibit A, incorporated herein and made a part hereof.

8.     On August 30, 2013, Berkshire assigned all of its right, title and interest in the Note, Mortgage and the Conditional Assignment of Rentals to Cyhani Ventures, Inc. and recorded on August 30, 2013 in volume 3133 at Page 316; and as modified by instrument dated August 29, 2013 and recorded August 30, 2013 in volume 3133 at Page 321; as further amended by instrument dated October 28, 2013 and recorded November 1, 2013 in Volume 3147 at Page 149; as further amended by instrument dated December 12, 2013 and recorded December 13, 2013 in Volume 3155 at Page 257 of the Glastonbury Land Records.

KBM/235555/0002/1446124v1
08/16/17-HRT/KLW

9.     Cyhani is the owner and holder of the Note and Mortgage.

10.     The entire unpaid principal balance of the Note, plus all accrued but unpaid interest, and all other amounts owing were due and payable in full on August 31, 2014.

11.     The Defendant failed to pay all amounts due under the Note and on November 14, 2014, the Plaintiff commenced this foreclosure action.

12.     On or about March 14, 2016, as a result of Court-annexed mediation, the parties entered into a Settlement Agreement pursuant to which they agreed, *inter alia*, to restate the principal and interest of the Note as $3,250,000.00 as of January 15, 2016.

13.     The Settlement Agreement further provided for the extension of the maturity date to September 1, 2016 (the "Maturity Date").

14.     The Settlement Agreement further provided that the Note would bear interest at the rate of twelve percent (12%) per annum from January 15, 2016 until the Maturity Date.

15.     The Defendant is in default for failure to pay in full all sums due on or before the Maturity Date as extended by the Settlement Agreement and Cyhani has exercised its right to demand payment in full of the entire outstanding principal balance, together with interest accrued thereon, late charges and such other charges, including reasonable attorneys' fees, as are due thereon.

16.     Despite demand, there is now due and currently outstanding the principal sum of $3,250,000.00, together with interest, late charges and the expenses of this action including reasonable attorneys' fees. A copy of the Lis Pendens is attached hereto as Exhibit B.

3

## COUNT ONE

## (Foreclosure of the Mortgage)

1-16.   Paragraphs 1 through 16 are reasserted and realleged as Paragraphs 1 through

16 of this Count One.

17.   The following encumbrances of record may be prior in right to the Mortgage

being foreclosed herein:

    a.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2009 in the amount of $3,560.76 dated March 10, 2011 and
recorded in Volume 2861 at Page 248 of the Glastonbury Land Records.

    b.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2009 in the amount of $2,644.78 dated March 10, 2011 and
recorded in Volume 2861 at Page 250 of the Glastonbury Land Records.

    c.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2009 in the amount of $7,148.62 dated March 10, 2011 and
recorded in Volume 2861 at Page 249 of the Glastonbury Land Records.

    d.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2010 in the amount of $21,035.00 dated March 22, 2012 and
recorded in Volume 2961 at Page 110 of the Glastonbury Land Records.

    e.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2010 in the amount of $2,680.46 dated March 22, 2012 and
recorded in Volume 2961 at Page 109 of the Glastonbury Land Records.

    f.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2010 in the amount of $7,245.06 dated March 22, 2012 and
recorded in Volume 2961 at Page 111 of the Glastonbury Land Records.

    g.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2011 in the amount of $21,350.00 dated March 14, 2013 and
recorded in Volume 3079 at Page 142 of the Glastonbury Land Records.

    h.   Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of
October 1, 2011 in the amount of $2,720.60 dated March 14, 2013 and
recorded in Volume 3079 at Page 141 of the Glastonbury Land Records.

4

i. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2011 in the amount of $7,353.56 dated March 14, 2013 and recorded in Volume 3079 at Page 141 of the Glastonbury Land Records.

j. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2012 in the amount of $24,075.10 dated March 6, 2014 and recorded in Volume 3168 at Page 174 of the Glastonbury Land Records.

k. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2012 in the amount of $2,235.88 dated March 6, 2014 and recorded in Volume 3168 at Page 173 of the Glastonbury Land Records.

l. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2012 in the amount of $6,570.72 dated March 6, 2014 and recorded in Volume 3168 at Page 175 of the Glastonbury Land Records.

m. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2013 in the amount of $2,270.92 dated March 5, 2015 and recorded in Volume 3242 at Page 172 of the Glastonbury Land Records.

n. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2013 in the amount of $24,452.34 dated March 5, 2015 and recorded in Volume 3242 at Page 173 of the Glastonbury Land Records.

o. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2013 in the amount of $6,673.68 dated March 5, 2015 and recorded in Volume 3242 at Page 174 of the Glastonbury Land Records.

p. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2014 in the amount of $2,299.58 dated March 10, 2016 and recorded in Volume 3323 at Page 66 of the Glastonbury Land Records.

q. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2014 in the amount of $24,761.00 dated March 10, 2016 and recorded in Volume 3323 at Page 67 of the Glastonbury Land Records.

r. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2014 in the amount of $6,757.92 dated March 10, 2016 and recorded in Volume 3323 at Page 68 of the Glastonbury Land Records.

s. Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2015 in the amount of $2,318.68 dated March 7, 2017 and recorded in Volume 3406 at Page 348 of the Glastonbury Land Records.

5

t.  Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2015 in the amount of $24,966.76 dated March 7, 2017 and recorded in Volume 3406 at Page 350 of the Glastonbury Land Records.

u.  Tax Lien in favor of the Town of Glastonbury for taxes on the Grand List of October 1, 2015 in the amount of $6,814.08 dated March 7, 2017 and recorded in Volume 3407 at Page 79 of the Glastonbury Land Records.

v.  Sewer Use Lien in favor of the Town of Glastonbury in the amount of $60.00 dated March 4, 2016 and recorded in Volume 3322 at Page 202 of the Glastonbury Land Records.

w.  Sewer Use Lien in favor of the Town of Glastonbury in the amount of $60.00 dated March 3, 2017 and recorded in Volume 3406 at Page 136 of the Glastonbury Land Records.

x.  Sewer Use Lien in favor of the Town of Glastonbury in the amount of $1,071.60 dated March 3, 2015 and recorded in Volume 3242 at Page 188 of the Glastonbury Land Records.

y.  Lis Pendens in favor of the Town of Glastonbury dated October 25, 2012 and recorded on October 26, 2012 in Volume 3033, at Page 7 of the Glastonbury Land Records.

z.  Lien in favor of the Water Bureau of the Metropolitan District in the amount of $1,490.55 dated July 17, 2014 and recorded July 28, 2014 in Volume 3197 at Page 348 of the Glastonbury Land Records.

18.  The following encumbrances of record are junior in right to the Mortgage and will be foreclosed herein:

a.  Mechanic's Lien in favor of HOC Holdings, LLC in the amount of $25,000.00 dated August 19, 2016 and recorded in Volume 3361 at Page 251 of the Glastonbury Land Records.

b.  Mechanic's Lien in favor of Red Door Construction, LLC in the amount of $8,000.00 dated October 18, 2016 and recorded in Volume 3377 at Page 334 of the Glastonbury Land Records.

c.  Blanket Mechanic's Lien in favor of Superior Products Distributors, Inc. in the amount of $10,185.23 dated October 24, 2016 and recorded in Volume 3383 at Page 321 of the Glastonbury Land Records.

6

    d.   Certificate of Lien in favor of HOC Holdings, LLC in the amount of $30,000.00 dated November 9, 2016 and recorded in Volume 3383 at Page 321 of the Glastonbury Land Records.

    e.   Certificate of Lien in favor of HOC Holdings, LLC in the amount of $175,000.00 dated January 18, 2017 and recorded in Volume 3397 at Page 241 of the Glastonbury Land Records.

    f.   Open-End Mortgage Deed in favor of HOC Holdings, LLC in the amount of $227,458.00 dated April 26, 2017 and recorded in Volume 3418 at Page 1 of the Glastonbury Land Records.

19.    Defendant is in possession of the Property and is the owner of the equity of redemption.

20.    As maker of the Note, the Defendant is liable for the entire balance due on the Note.

21.    Pursuant to the terms of the Note and Mortgage as modified by the Settlement Agreement, the Defendant is obligated to pay the Plaintiff's costs including, but not limited to, attorneys' fees, with respect to collection, adjustment, enforcement and/or settlement incurred by Plaintiff in enforcing its rights upon the Defendant's default.

22.    By virtue of the foregoing, Plaintiff has been damaged and seeks foreclosure of the Mortgage.

    WHEREFORE, the Plaintiff claims:

1. The foreclosure of the Mortgage;
2. Deficiency judgment against the Defendant;
3. Attorney's fees and costs;
4. Immediate possession of the mortgaged property;
5. Damages; and
6. Such other and further relief as may be necessary and just.

7

PLAINTIFF CYHANI VENTURES, INC.

Kristin B. Mayhew
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
Southport, CT  06890
Tel.:   (203) 319-4022
Fax:    (203) 259-0251
Juris No. 412157
Its Attorneys

8

# EXHIBIT A

Exhibit A

## 131 Griswold Street (Parcel 1)

All that certain piece or parcel of land as shown on a map entitled "SURVEY PROPERTY TO BE ACQUIRED BY JOHN ALAN SAKON DBA SAKON DEVELOPMENT OF AVON GRISWOLD STREET GLASTONBURY, CT. SCALE 1" = 40' JUNE 26, 1984" which survey was prepared and certified by James Sakonchick, to be filed in the Town Clerk's Office of the Town of Glastonbury.

Being more particularly bounded and described as follows:

Beginning at a point in the northerly line of Griswold Street at a monument which monument is located at the intersection of the terminus of the Connecticut Non-Access Highway line and the northerly street line of Griswold Street; thence running N 21° 59' 40" W, 349.24 feet to an iron pin; thence running along a curve having a delta angle of 14° 31' 58" and a radius of 359 feet for a distance of 90.81 feet; thence running N 63° 03' 18" W, 264.31 feet to an iron pin; thence running N 39° 14' 10" W a distance of 295.47 feet; thence turning and running S 79° 13' 40" W, 76.55 feet; thence turning and running S 9° 53' 09" W, 500.36 feet to an iron pin; thence turning and running N 80° 44' 50" E, 200.06 feet; thence running N 80° 44'50" E, 241.49 feet to an iron pin; thence running S 21° 59' 40" E, 32? feet to a point in the westerly line of Griswold Street; thence turning and running along the westerly line of Griswold Street N 80° 32'14" E, 51.22 feet to the point and place of beginning.

Together with an Easement from Mary Randazzo, Trustee, to John Alan Sakon dated February 11, 1999, recorded in Volume 1245 at Page 164 of the Glastonbury Land Records;

Together with any and all easements appearing of record.

...es on the easterly side of Main Street,
**Main Street Rear (8B Main Street) (Parcel 2)**

...piece or parcel of land together with the buildings and
...ts thereon, situated in the Town of Glastonbury, County
...ed and State of Connecticut to the rear of the easterly
...in Street and being more particularly bounded and
...as follows, to wit:

...at a point in the northerly line of land now or formerly
... I. Liebler, which point is two hundred sixty-nine and
...dredths (269.06) feet easterly of the easterly line of
...t as measured along the northerly boundary line of land
...erly of Raymond M. Carra et al and Caroline I. Liebler
...point also marks the southeasterly corner of land now or
... Friendly Ice Cream Corp. of Conn.; thence running N 2°
... for a distance of one hundred forty and four one-
...(140.04) feet to a point marked by an iron pin; thence
...87° 25' 26" W for a distance of eighty-four and no one-
...(84.00) feet to a point marked by an iron pin, the last
...ourses and distances being along land now or formerly of
...Ice Cream Corp. of Conn.; thence running N 4° 48' 52" E
...s now or formerly of Mobil Oil Corp. for a distance of
...ed four and eighty-nine one-hundredths (104.89) feet to a
...ked by a merestone; thence running S 87° 30' 25" E along
...or formerly of Thomas G. Manager for a distance of nine
... twenty and no one-hundredths (920.00) feet to a point
... an iron pin; thence running S 2° 36' 33" W along land
...ormerly of Triad Associates, Inc. for a distance of two
...forty-five and no one-hundredths (245.00) feet to a point
... an iron pin; thence running N 87° 30' 25" W along land
...ormerly of St. Marks Evangelical Lutheran Church and
...aldman et al, partly by each, in all, for a distance of
...dred eight and seventy-nine one-hundredths (808.79) feet
...nt marked by a merestone; thence running N 87° 25' 26" W
...er land now or formerly of Caroline I. Liebler, for a
...of thirty-one and fifteen one-hundredths (31.15) feet to
...t or place of beginning, containing in all, 4.922 acres,
...less.

...with an easement over property of Friendly Ice Cream
...Conn. for purpose of ingress and egress and for all other
...for which a highway is ordinarily used, as of record

...with an easement between Expressway Associates I and
...y Associates II, dated August 1, 1985 and recorded August
...at 2:12 p.m. in the Glastonbury Land Records.

...with an Easement from Mary Randazzo, Trustee, to John
...m dated February 11, 1999, recorded in Volume 1245 at
...of the Glastonbury Land Records.

1.82 Acres on the northerly side of Griswold Street,
known as Griswold Street Rear (2B Griswold). (Parcel d)

A certain piece or parcel of land located in the town of
Glastonbury, County of Hartford and State of Connecticut, which
parcel of land is hereinafter referred to as the "Premises" and
which is more particularly bounded and described as follows, to
wit:

Commencing at the Northwest corner of the parcel herein
described, thence N 79°-27'-55" E, a distance of 373.56 feet
along land of Expressway Associates II to a point; thence S
09°-53'-09" E, a distance of 176.80 feet along land of
Expressway Associates I, to a point; thence S 78°-55'-41" W,
a distance of 219.62 feet along other land of the Grantor to
a point; thence S 09°-43'-30" E, a distance of 91.92 feet
along other land of the Grantor to a point; thence S
79°-25'-30" W, a distance of 156.03 feet along land of
Richard R. and Edward F. Tomkievich to a point; thence N
09°-23'-29" W, a distance of 269.84 feet along land of
Brewster Apartments to a point, said point at the point and
place of commencement.

Together with an Easement from Mary Randazzo, Trustee, to John
Alan Eakon dated February 11, 1999, recorded in Volume 1245 at
Page 166 of the Glastonbury Land Records.

Together with all easement rights contained in an Agreement
dated December 3, 1979 and recorded in Volume 243 at Page 578
of the Glastonbury Land Records.

# EXHIBIT B



INSTR # 201400818<br>
VOL3221 P== 39-44<br>
RECORDED 11/18/2014  09:47:25 AM<br>
JOYCE F. MASCENA<br>
TOWN CLERK  GLASTONBURY CT

...ykas, Esq.<br>
...AN & SAGE, LLP<br>
...m Street<br>
...CT 06103

...ATE: DECEMBER 30, 2014     :     SUPERIOR COURT

...ENTURES, INC.                       :     J.D. OF HARTFORD

                                              :     AT HARTFORD

...N SAKON, ET AL.                  :     NOVEMBER 14, 2014

### LIS PENDENS

...OW ALL MEN BY THESE PRESENTS:

...ice is hereby given of the pendency of a civil action brought by CYHANI

..., INC. with its principal offices in Toronto, Ontario, Canada is the plaintiff

...ALAN SAKON is the defendant, brought by writ dated November 14, 2014

...urnable to the Superior Court for the Judicial District of Hartford at

...n the 30th day of December 2014, to foreclose a certain mortgage from JOHN

...KON dated January 25, 2008 and recorded at Volume 2524 at Page 28 of the

...ry Land Records and to obtain possession of the mortgaged premises.

... real estate affected by the civil action described in said mortgage deed is the

... Schedule A attached hereto.

...ted at Hartford, Connecticut this 14th day of November, 2014.

**92**



THE PLAINTIFF,
CYHANI VENTURES, INC.,

By
Melanie Dykas, Esq. of
HALLORAN & SAGE, LLP
225 Asylum Street
Hartford, CT 06103
Its Attorneys



# EXHIBIT A



Exhibit A

**131 Griswold Street (Parcel 1)**

All that certain piece or parcel of land as shown on a map entitled "[...] PROPERTY TO BE ACQUIRED BY JOHN ALAN SAXON DBA SAXON DEVELOPMENT OF [...] GRISWOLD STREET GLASTONBURY, CT. SCALE 1" = 40' JUNE 26, 1964" which [...] was prepared and certified by James Sakonchick, to be filed in the Town Clerk's Office of the Town of Glastonbury.

Being more particularly bounded and described as follows:

Beginning at a point in the northerly line of Griswold Street at a [...] which monument is located at the intersection of the terminus of the Connecticut Non-Access Highway Line and the northerly street line of Gris[...] Street: thence running N 21° 59' 40" W, 349.24 feet to an iron pin; then[...] running along a curve having a delta angle of 140 31' 58" and a radius of[...] 359 feet for a distance of 90.81 feet; thence running N 63° 03' 18" W, 264.31 feet to an iron pin; thence running N 39° 14' 10" W a distance of[...] 295.47 feet; thence turning and running E 79° 13' 40" W, 76.85 feet; th[...] turning and running S 3° 53' 09" E, 500.36 feet to an iron pin; thence[...] turning and running N 80° 44' 50" E, 200.06 feet; thence running N 80° 44'50" E, 241.49 feet to an iron pin; thence running S 21° 59' 40" E, [...] feet to a point in the westerly line of Griswold Street; thence turning[...] running along the westerly line of Griswold Street N 80° 32'14" E, 51.[...] feet to the point and place of beginning.

Together with an Easement from Mary Randazzo, Trustee, to Jo[...] Alan Saxon dated February 11, 1959, recorded in Volume 1245 [...] Page 164 of the Glastonbury Land Records:

Together with any and all easements appearing of record.

Book2524/Page52

Book3221/P



... acres on the easterly side of Main Street,
... as Main Street Rear (58 Main Street) (Parcel 2)

... piece or parcel of land together with the buildings and
... thereon, situated in the Town of Glastonbury, County
... and State of Connecticut to the rear of the easterly...
... Main Street and being more particularly bounded and
... as follows, to wit:

... at a point in the northerly line of land now or formerly
... I. Liebler, which point is two hundred sixty-nine and
... hundredths (269.06) feet easterly of the easterly line of
... as measured along the northerly boundary line of land
... formerly of Raymond H. Carra et al and Caroline I. Liebler
... point also marks the southeasterly corner of land now or
... of Friendly Ice Cream Corp. of Conn.; thence running N 2°
... B for a distance of one hundred forty and four one-
... (140.04) feet to a point marked by an iron pin; thence
... 87° 25' 26" W for a distance of eighty-four and no one-
... (84.90) feet to a point marked by an iron pin, the last
... courses and distances being along land now or formerly of
... Ice Cream Corp. of Conn.; thence running N 4° 48' 52" E
... now or formerly of Mobil Oil Corp. for a distance of
... four and eighty-nine one-hundredths (104.89) feet to a
... by a monstone; thence running S 87° 30' 25" E along
... formerly of Thomas G. Manager for a distance of nine
... twenty and no one-hundredths (920.00) feet to a point
... an iron pin; thence running N 2° 36' 33" W along land
... formerly of Triad Associates, Inc. for a distance of two
... forty-five and no one-hundredths (245.00) feet to a point
... by an iron pin; thence running N 87° 30' 25" W along land
... formerly of St. Marks Evangelical Lutheran Church and
... Waldman et al, partly by each, in all, for a distance of
... hundred eight and seventy-nine one-hundredths (808.79) feet
... point marked by a monstone; thence running N 87° 25' 26" W
... other land now or formerly of Caroline I. Liebler, for a
... of thirty-one and fifteen one-hundredths (31.15) feet to
... point or place of beginning, containing in all, 4.922 acres,
... or less.

... with an easement over property of Friendly Ice Cream
... of Conn. for purpose of ingress and egress and for all other
... for which a highway is ordinarily used, as of record
...

... with an easement between Expressway Associates I and
... Associates II, dated August 1, 1985 and recorded August
... as at 2:12 p.m. in the Glastonbury Land Records.

... with an Easement from Mary Randuzzo, Trustee, to John
... Bakon dated February 11, 1999, recorded in Volume 1245 at
... 164 of the Glastonbury Land Records.

Book2524/Page53

1.82 Acres on the northerly side of Griswold Street,
known as Griswold Street Rear (28 Griswold) (Parcel 8)



a certain piece or parcel of land located in the Town of
Glastonbury, County of Hartford and State of Connecticut, which
parcel of land is hereinafter referred to as the "Premises" and
which is more particularly bounded and described as follows, to
wit:

Commencing at the Northwest corner of the parcel herein
described; thence N 79°-17'-55" E, a distance of 375.54 feet
along land of Expressway Associates II to a point; thence S
09°-43'-09" E, a distance of 176.86 feet along land of
Expressway Associates I to a point; thence S 78°-58'-41" W,
a distance of 219.62 feet along other land of the Grantor to
a point; thence S 09°-43'-30" E, a distance of 91.92 feet
along other land of the Grantor to a point; thence S
79°-25'-30" W, a distance of 156.03 feet along land of
Richard H. and Edward F. Tomkiewich to a point; thence N
09°-23'-09" W, a distance of 269.94 feet along land of
Brewster Apartments to a point, said point at the point and
place of commencement:

Together with an Easement from Mary Randazzo, Trustee, to John
Alan Buhon dated February 11, 1999, recorded in Volume 1245 at
Page 164 of the Glastonbury Land Records.

Together with all easement rights contained in an Agreement
dated December 3, 1979 and recorded in Volume 243 at Page 578
of the Glastonbury Land Records.

Book2524/Page54

97

ORDER    406507

DOCKET NO: HHDCV146056422S

CYHANI VENTURES, INC.
    V.
SAKON, JOHN ALAN Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF HARTFORD
    AT HARTFORD

7/17/2017

## ORDER

ORDER REGARDING:
06/30/2017 191.00 MOTION TO CITE ADDITIONAL PARTY

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

It is hereby ordered, that on or before AUGUST 31, 2017 the plaintiff amend its complaint to state facts showing the interest of RED DOOR CONSTRUCTION, LLC, SUPERIOR PRODUCTS DISTRIBUTION, AND HOC HOLDINGS, LLC and summon them to appear as defendants in this action on or before the second day following SEPTEMBER 12, 2017 by causing some proper officer to serve on them in the manner prescribed by law a true and attested copy of this order, a true and attested or certified copy of the complaint in this action as amended, and a Summons Civil Form JD-CV-1 and due return make.

406507

Judge: PATTY J PITTMAN