**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Case No. | 19-21619 (JJT) |
| | ) | | |
| JOHN ALAN SAKON | ) | Chapter | 7 |
| | ) | | |
| Debtor. | ) | Re: ECF No. | 775, 797, 799 |
| | ) | | |

**MEMORANDUM OF DECISION ON DEBTOR'S**
**MOTION TO COMPEL TRUSTEE'S ABANDONMENT OF PROPERTY**

**I.   INTRODUCTION**

Before the Court is the Debtor's Motion to Compel the Trustee's Abandonment of

Property pursuant to 11 U.S.C. § 554(b) and Rule 6007(b) of the Federal Rules of Bankruptcy

Procedure (ECF No. 775, the "Motion").  Pursuant to the Motion and statements made on the

record, the Debtor seeks to compel Bonnie C. Mangan, Esq., the Chapter 7 Trustee to this

bankruptcy case (the "Trustee"), to abandon a series of litigation claims delineated in the

Debtor's Second Revised and Amended Schedule of Potential and Pending Claims Against Third

Parties (ECF No. 690 the "Debtor's Claims").[1]  The Trustee and creditor Main Street Group

LLC ("Main Street") have each objected to the Debtor's Motion.  For the reasons set forth

herein, the objections are sustained and the Debtor's Motion is denied.[2]

---

[1] The Debtor also requests in his Motion an order compelling the Trustee to pursue the Debtor's Claims or an order to abandon those claims.  However, the remainder of the Motion argues only as to why the Trustee should be made to abandon the Debtor's Claims.  In terms of the Debtor's request to compel the Trustee to pursue the Debtor's Claims, the Court cannot entertain arguments not properly placed before it and consequently denies the Debtor's request to compel the Trustee to pursue these claims.  *See In re Weatherford Int'l Secs. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 U.S. Dist. LEXIS 170559, at *3 n.2 (S.D.N.Y. 2013); *Lyn v. Inc. Vill. of Hempstead*, No. 03-CV-5041 (DRH), WL 1876502, at *16 n.13 (E.D.N.Y. June 28, 2007) ("Issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived . . . ." (alteration in original) (internal quotation marks omitted)).

[2] This decision is intended to reaffirm and supplement the Court's Rulings on this matter made upon the record of its hearings on the Motion.

## II.    JURISDICTION

The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and the United States District Court for the District of Connecticut's General Order of Reference dated September 21, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (case administration).

## III.    STANDARD OF REVIEW AND DISCUSSION

As the Trustee and Main Street have each objected to the Motion (ECF No. 799, the "Trustee's Objection"; ECF No. 797, "Main Street's Objection", respectively), "the party requesting abandonment [here, the Debtor] has the burden of proof "to show that the subject property of the estate is either burdensome or of inconsequential value and benefit to the estate." *In re Crockett*, 642 B.R. 97, 101 (Bankr. D. Conn. 2022) (citations omitted) (internal quotation marks omitted); *see also In re Interpictures, Inc.*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("[C]ourts have placed the burden of proving an abuse of discretion of the trustee's action or inaction on abandonment on the party seeking to make the trustee act.").

The Debtor stated during a hearing held on June 1, 2023 regarding the Motion that he seeks to compel the Trustee to abandon the Debtor's Claims on the basis that the Trustee has heretofore failed to pursue these ostensibly viable claims for the benefit of the estate, and that the Debtor should be able to pursue these claims in her stead.  The Debtor is mistaken — the Debtor's arguments suffer from a variety of substantive defects that preclude abandonment at this time, and even if they did not, the Debtor has failed to satisfy the legal standard required to compel the Trustee's to abandon of putative property of the estate.  Despite the Court's urgings of the Debtor to supplement his efforts to delineate the material facts and law on these alleged

claims, he has heretofore failed to do so.  He also failed to appear and be heard at the hearings scheduled on June 7, 2023 regarding this Motion and other pending motions.[3]

### A.  Substantive Defects of the Debtor's Position

The Debtor has delineated twenty-five (25) potential litigation claims in Schedule A/B, *see* ECF no. 34, 690, the first fourteen (14) of which have previously been abandoned after motion, notice, and several hearings, ECF No. 456.  Thus, the Court's analysis focuses specifically on Claims Fifteen through Twenty-Five of the Debtor's Claims.  Claim Numbers Fifteen through Twenty-One, based on their allegations, can accurately be characterized as claims against Main Street Group and various related individuals and entities (together, the "Main Street Entities") for violation of a confidentiality agreement between the Debtor and Domenic Carpionato of CARP Realty, LLC.  *See* Debtor's Motion 1–4, ECF No. 775; Debtor's Claims, Exh. A.  Based on the record before it (in particular, statements made at hearings held on the present Motion, the Trustee's Motion to Sell Free and Clear of Liens (ECF No. 773, the "Sale Motion"), and the Debtor's Motion to Convert Chapter 7 Proceeding to Chapter 11 Proceeding (ECF No. 694), the Court finds that each of these claims rests on an uncertain legal basis, conclusory facts, and ultimately speculative merits.  In addition, the Debtor fails to recognize the Trustee's limited ability to prosecute these allegations given the current dearth of financial resources in the bankruptcy estate, which is administratively insolvent.  It is this Court's assessment that judicial deference to the Trustee in the review and pursuit or abandonment of these claims is therefore appropriate.  *See In re Crockett*, 642 B.R. 97, 101 (Bankr. D. Conn. 2022) (citing *Frostbaum v. Ochs*, 277 B.R. 470 (E.D.N.Y. 2002); *In re Kneer*, 628 B.R. 205

---

[3] Notwithstanding the Debtor's summary delineation of these alleged claims, the Court has addressed the merits of his Motion based on the record of this case and the arguments he advanced in his pleadings and before the Court in various hearings.

(Bankr. E.D. Pa. 2021); *In re Boyer*, 354 B.R. 14, 23 (Bankr. D. Conn. 2006), *aff'd* 372 B.R. 102 (D. Conn. 2007), *aff'd* 328 Fed. Appx. 711 (2d Cir. 2009)).  The Debtor can rest assured that, by operation of law, any claims scheduled pursuant to 11 U.S.C. § 521(a)(1) and not administered by the Trustee during a Chapter 7 case revert to the Debtor's possession once the bankruptcy estate is fully administered and the bankruptcy case is closed.  11 U.S.C. § 554(c); *see also Fedotov v. Peter T. Roach and Assocs., P.C.*, 354 F. Supp. 471, 475 (S.D.N.Y. 2005).  The Debtor is welcome to pursue unadministered claims at that time; at this juncture, however, it is the Court's opinion that the Trustee cannot be compelled to abandon the subject claims and that this Court will defer to her use and examination of their viability as this case proceeds to its conclusion.[4]

Claim Number Twenty-Three, as the Debtor explained on the record, is a claim to what appears to be unclaimed funds located in the Clerk's office of the Bankruptcy Court of the Southern District of New York in the bankruptcy case of an entity (the "New York Debtor") that shares the name "Sakon LLC," a business entity formed by the Debtor.  Through strained and somewhat tortured reasoning, the Debtor is of the impression he has a claim to those funds as a result of the New York Debtor allegedly violating the Debtor's trademark to the name "Sakon LLC."  The Debtor, however, could not articulate a cognizable trademark claim that would entitle him to these funds or to the exclusive use of the "Sakon LLC" name; rather, his only justification was that a claimfinder would pursue the monies on his behalf (though he notably could not identify the claimfinder when queried by the Court).  Mere incantation of related "trademark infringement" by the Debtor, without a demonstration of a registered right and an

---

[4] Notably, the Trustee's structure of her proposed sale of real property of the estate tangibly and significantly monetizes the threat of such claims against the Main Street Entities to the estate's benefit.  *See* Sale Motion, ECF No. 773.

understandable articulation of a bona fide claim in law or fact, does not constitute a cognizable legal claim.  Claim Number Twenty-Three suffers the same substantive defects previously discussed with regard to claim Numbers Fifteen through Twenty-Two, and ultimately does not constitute a bona fide legal claim that the Trustee should be compelled to abandon at this time. The absence of ostensible merits to these claims suggests that they simply not be pursued, and neither this Court nor the Trustee should be in the business of affording respectability to claims that are frivolous, abusive, or without merit.

Claim Number Twenty-Four stems from a "claim" of $100,000.00 in purported damages to the Debtor's real property at the hands of vandals.  The Trustee notes that this claim, among others, was only brought to her attention on March 6, 2023.  Trustee's Obj. 5, ECF No. 799.  In addition to potential concerns about the timeliness of the Debtor's presentation of this potential claim, the Court notes that even if this particular claim was pursued to a favorable resolution for the Debtor , the benefit of this claim would likely accrue to the mortgage creditors of the subject properties, and not to the Debtor.  By all accounts, Claim Number Twenty-Four is conclusory but may yet have value.  At this juncture of the case, it is inappropriate to compel its abandonment. *See* 11 U.S.C. § 554(b).

Lastly, Claim Number Twenty-Five asserts a putative claim against the Assessor of the Town of Glastonbury "for her failure to adjust the assessed value of [the Debtor's property] after destruction of the property by vandals."  Debtor's Claims 6, ECF 690.  The claim is otherwise devoid of detail and suffers the same substantive legal defects of the aforementioned claims — the Debtor, having missed tax appeal periods and prior opportunities to rectify allegedly mistaken tax entries, has failed to articulate a colorable legal theory or to explain how he might surmount long-expired periods for tax appeals.  *See* Conn. Gen. Stat. § 12-117a (noting a two-

month statute of limitations on appeals against municipal property tax assessments).  Notably, even if tenable, this right or remedy would likely benefit only the mortgage creditors of the subject real properties.

**B.  The Debtor's Defective Legal Argument**

Even if, however, the Debtor's Claims were all cognizable claims with variable merits, the Trustee should not be compelled to abandon them at this time.  The Debtor misunderstands the legal requirements to compel such action on the part of the Trustee.  Pursuant to 11 U.S.C. § 554(b), "On request of a party in interest and after notice and a hearing, the court *may* order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(b) (emphasis added).  The statute in no way speaks in terms of mandatory relief.  As this Court has previously noted, "[w]here a request for abandonment is opposed, the party requesting abandonment has the burden of proof."  *In re Crockett*, 642 B.R 97, 101 (Bankr. D. Conn. 2022).  The Trustee and Main Street have objected to the Debtor's Motion; consequently, the Debtor has the burden of proof to show how the Debtor's Claims are either burdensome or of inconsequential value and benefit to the estate.  The Debtor has not made any argument in support of that proposition — indeed, his statements on the record indicate his belief that these claims are in fact quite consequential to the value of the bankruptcy estate.  The Debtor simply misconstrues the Trustee's duties and mandates, as well as the statutory scheme which affords the Trustee time for due diligence, strategic and practical examination or use of claims, and deference to her sound business judgment.  The Debtor's arguments in support of his Motion, ultimately, are without merit, even if the Debtor's Claims in of themselves have any merit or net value, which by all accounts appears doubtful.

**IV.    CONCLUSION**

The Debtor's claims and their paucity of details show a continuing trend of this Debtor to assert unsubstantiated, speculative, and/or frivolous claims, a trend that is unfortunately manifest throughout the record of this bankruptcy case.  Neither this Court nor the Trustee will or should endorse what appears to be nothing more than a wasteful, frivolous, speculative, and ill-conceived gambit to fuel a proliferation of lawsuits.  This Motion appears to be naught but another episode of the Debtor's campaign to incessantly litigate, without boundaries, his disappointments, grievances (real or imagined), rulings adverse to his repeated misconceptions and misunderstandings of the law, and his personal and business frustrations.  This Motion and like motions have been disturbing and indisputably wasteful of both the Court's time and the resources of the Chapter 7 estate.  At best misconceptions or at worst abuses of the legal process, the Debtor's litigation campaign is to be appropriately discouraged.  The timing, value, and utility of the myriad claims he would readily assert to disrupt this estate's administration are likewise appropriate for judicial deference to the business judgment of the Trustee at this juncture of the case.

Based on the foregoing, the Trustee's Objection and Main Street's Objection are each **SUSTAINED**.  Accordingly, the Debtor's Motion is hereby **DENIED** without prejudice to refiling and reconsideration based upon future facts and circumstances at least six (6) months hence.

**IT IS SO ADJUDGED, ORDERED, AND DECREED** at Hartford, Connecticut this 14th day of June 2023.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*