**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Case No. | 19-21619 (JJT) |
| | ) | | |
| JOHN ALAN SAKON | ) | Chapter | 7 |
| | ) | | |
| Debtor. | ) | Re: ECF Nos. | 694, 697, 761 |
| | ) | | |

**MEMORANDUM OF DECISION ON DEBTOR'S MOTION FOR ORDER**
**CONVERTING CHAPTER 7 CASE TO CHAPTER 11 CASE**

### I.   INTRODUCTION

Before the Court is the Debtor's Motion to Convert Chapter 7 Proceeding to Chapter 11

(ECF No. 694, the "Motion") in which the Debtor seeks to reconvert this Chapter 7 case to a case

under Chapter 11 of the Bankruptcy Code.  The Debtor primarily argues in support of his Motion

that he has "identified a credible and qualified buyer/partner" for certain real property in the

bankruptcy estate, the sale of which the Debtor claims will "be sufficient to satisfy all the claims

of the secured and unsecured creditors." Mot. 1.[1]  The Chapter 7 Trustee to this case, Bonnie C.

Mangan, Esq. (the "Trustee"), has lodged an objection to the Debtor's Motion (ECF No. 761, the

"Trustee's Objection"); in addition, creditors Main Street Group LLC ("Main Street") and the

Town of Glastonbury (the "Town") have filed a joint objection to the Debtor's Motion (ECF No.

697, the "Creditors' Objection").  The United States Trustee ("UST") has also filed an objection

to the Debtor's Motion.  ECF No. 853, the "UST's Objection" (and together with the Trustee's

---

[1] The Debtor also appears to propose funding a plan of reorganization by pursuing numerous litigation claims, including claims against Main Street. *See Debtor's Mem. In Support of Mot.* 8–10, ECF No. 756.  The Court found these claims to be speculative at best and frivolous at worst in declining to compel the Trustee's abandonment of these claims to the Debtor. *See* Mem. of .of Decision on Debtor's Mot. to Compel Trustee's Abandonment of Property, ECF No. 913.  As such, the Debtor cannot at this time appropriately pursue these putative claims.

Objection and the Creditor's Objection, the "Objections"). For the reasons stated herein, the

Debtor's Motion is denied, and the Objections are sustained.

## II. JURISDICTION

The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b) and

1334(b) and the United States District Court for the District of Connecticut's General Order of

Reference dated September 21, 1984. This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A) (case administration).

## III. DISCUSSION[2]

The Debtor seeks to convert this case to a Chapter 11 case under 11 U.S.C. § 706(b),

which allows a court to convert a Chapter 7 case to Chapter 11 upon request by a party in interest

and after notice and a hearing. As this Court has previously noted, the decision to reconvert a

Chapter 7 case to a Chapter 11 case resides within the sound discretion of the court. *In re First*

*Conn. Consulting Group, Inc.*, 579 B.R. 673, 682 (Bankr. D. Conn. 2018). Moreover, "[t]he

legislative history of Section 706(b) reaffirms the text's explicit grant of discretion: 'The

decision whether to convert is left in the sound discretion of the court, based on what will most

inure to the benefit of all parties in interest.'" *Id.* (citing H.R. Rep. No. 595, 95th Cong., 1st

Sess. at 380 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963; S. Rep. No. 989, 95th Cong.2d

Sess. at 94 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787). Reconversion of this case to

Chapter 11 would do anything but.

The Debtor originally commenced this case in 2019 under Chapter 11 of the Bankruptcy

Code (ECF No. 1), and on May 28, 2020, the Court converted the case to Chapter 7. ECF No.

250, the "Conversion Order". In converting this case to Chapter 7, this Court underscored the

---

[2] This decision is intended to reaffirm and supplement the Court's Rulings on this matter made upon the record of its hearings on the Motion.

Debtor's inability to acquire financing for any potential plan of reorganization the fact he "had no reasonable prospect of rehabilitation or reorganization," and that "cause" existed to convert the case to Chapter 7. *Id.* The Court's Conversion Order was later upheld on appeal to the United States District Court of the District of Connecticut. ECF No. 422.

In the intervening three years since the case was converted, the Debtor has done nothing to alter that disposition. In fact, he has done quite the opposite. Throughout this case, the Debtor has perpetuated obfuscation and needless delay of this case (either through contemptuous behavior or frivolous motions and/or briefings that demonstrate fundamental misconceptions of the law) and is either unable or unwilling to retain competent counsel to facilitate the liquidation of the estate, no less its reorganization (a far more complex enterprise). Moreover, the Debtor is unemployed, has no income, and otherwise lacks any resources to support the administration of the estate or the maintenance, taxes, and insurance of the subject real properties while he pursues their proposed sale. His contemptuous behavior throughout these proceedings (*see* ECF No. 613, 655), coupled with his compromised credibility, his inability to timely file tax returns (which impact the structure and nature of any sale), and his own admitted inability to address the rigors and demands of the bankruptcy process, *see* ECF No. 837, support an indisputable finding that the Debtor would not serve as a capable steward of any sale or as an adequate fiduciary of the bankruptcy estate and its creditors. Simply put, nothing in this record suggests that reconversion of this case to Chapter 11 would inure to the benefit of both creditors and any other party in interest, and reconversion certainly would not further the goals of the Bankruptcy Code in the speedy and timely resolution of this case. *See In re First Connecticut Consulting Group, Inc.*, 579 B.R. at 12–13. Indeed, by all accounts the Debtor seeks to, as the UST characterizes, "park" the subject real property "under bankruptcy protection until the right moment to market and sell

3

the property" presents itself.  UST's Obj. 5).  This is a path that only undercuts the Bankruptcy Code's purpose of securing a prompt and effectual administration of the bankruptcy estate, which this Court cannot and will not countenance.  *See In re Milford Conn. Assocs., L.P.*, 389 B.R. 308 (Bankr. D. Conn. 2008) (citations omitted), *aff'd In re Milford Conn. Assocs., L.P.*, 404 B.R. 699 (D. Conn. 2009).

On the record and in their respective objections, the Trustee, Main Street and the Town, and the UST have accurately summarized the manifold deficiencies in the Debtor's approach to the subject real properties and his inability to serve as a faithful fiduciary who can credibly and capable navigate the bankruptcy process and its accompanying duties and responsibilities.  In sustaining the objections of these parties, the Court fully adopts and endorses their reasons for denying the Debtor's Motion to reconvert this case to a Chapter 11 proceeding.

## IV.    CONCLUSION

Based on the foregoing, the Trustee's Objection, Creditors' Objection, and the UST's Objection are each **SUSTAINED.**  Accordingly, the Debtor's Motion to reconvert this case to a case under Chapter 11 of the Bankruptcy Code is **DENIED.**

**IT IS SO ADJUDGED, ORDERED, AND DECREED** at Hartford, Connecticut this 14th day of June 2023.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut