**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Case No. | 19-21619 (JJT) |
| | ) | | |
| JOHN ALAN SAKON | ) | Chapter | 7 |
| | ) | | |
| Debtor. | ) | Re: ECF Nos. | 911, 912 |
| | ) | | |

**MEMORANDUM OF DECISION ON
DEBTOR'S MOTION FOR RECONSIDERATION OF DECISIONS DENYING
DEBTOR'S MOTION TO COMPEL TRUSTEE ABANDONMENT OF PROPERTY
AND GRANTING TRUSTEE'S MOTION TO SELL REAL PROPERTY**

**I.    INTRODUCTION**

Before the Court are two motions submitted by the Debtor, John Alan Sakon, in which he urges this Court to reconsider two recent and critical decisions made regarding the administration of this bankruptcy estate.  First, the Debtor requests that this Court reconsider its decision granting the Chapter 7 Trustee's Motion to Sell Real Property (ECF No. 773, the "Sale Motion") and vacate its order to that effect (ECF No. 886).  ECF No. 911 (the "Debtor's Sale Reconsideration Motion).  Second, the Debtor urges this Court to reconsider its denial of his Motion to Compel Trustee's Abandonment of Property (ECF No. 775, the "Abandonment Motion") and vacate its order to that effect (ECF No. 885).  ECF No. 912 (the "Debtor's Abandonment Reconsideration Motion" and together with the Debtor's Sale Reconsideration Motion, the "Motions").  For the reasons stated herein, the Motions are denied.  The Court reaffirms its decisions granting the Trustee's Sale Motion and denying the Debtor's Abandonment Motion and further reaffirms its effectuating orders as to each decision.[1]

---

[1] It is well within the Court's discretion to adjudicate the present Motions without a hearing.  D. Conn. L. R. Bankr. P. App. M.

II.   **JURISDICTION**

The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and the United States District Court for the District of Connecticut's General Order of Reference dated September 21, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (case administration).

III.  **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**[2]

On April 12, 2023, the Chapter 7 Trustee, Bonnie C. Mangan, Esq. (the "Trustee"), filed a Motion to Sell Real Property in which she sought this Court's approval to sell three pieces of contiguous commercial real estate (the "Sale") of the Debtor, with the goal of liquidating the bankruptcy estate's remaining assets and bringing this long-winded case to its conclusion.  Sale Mot., ECF No 773.  After holding numerous hearings on both the Sale Motion and numerous related objections lodged by the Debtor, the Court eventually approved the Sale Motion on June 7, 2023.  Shortly thereafter, on June 16, 2023, the Court issued its Memorandum of Decision Approving Trustee's Sale Procedures Regarding Motion to Sell Real Property Under 11 U.S.C. § 363.  ECF No. 916 (the "Sale Decision").  The Debtor had filed his Sale Reconsideration Motion on June 13, 2023.

Meanwhile, contemporaneous with the Trustee's Sale Motion, the Debtor filed his Motion to Compel Trustee's Abandonment of Property.  Abandonment Mot., ECF No. 775.  The Debtor therein sought to compel the Trustee's abandonment of certain putative claims against various third parties, in particular against creditor Main Street Group, LLC ("Main Street").  Importantly, a critical component of the Trustee's proposed and approved Sale is the release of

---

[2] The Court assumes the parties' familiarity with the background and procedural history surrounding both the Trustee's Sale Motion and the Debtor's Abandonment Motion.  The Court has provided relevant background and procedural information herein solely to contextualize the Debtor's present Motions.  For additional background and procedural details, *see* Sale Decision, ECF No. 916; Abandonment Decision, ECF No. 913.

these putative claims against Main Street.  ECF No. 902.  The Debtor essentially argued that the Trustee failed to adequately pursue these claims and that he should accordingly be allowed the right to do so in her stead.  Abandonment Mot. 1, 3–4, 6, ECF No. 775.  After numerous hearings on both the Abandonment Motion and objections filed by the Trustee, Main Street, and the Town of Glastonbury, the Court denied the Abandonment Motion on June 7, 2023.  The Debtor filed his Abandonment Reconsideration Motion on June 13, 2023, though the Court issued a formal Memorandum of Decision which denied the Debtor's Abandonment Motion on June 14, 2023.  ECF No. 913 (the Abandonment Decision).

      At the heart of each of the Debtor's Motions is his contention that the Trustee failed to properly assume a Confidentiality Agreement dated October 13, 2015 and signed between the Debtor and Domenic Carpionato of CARP Realty, LLC (the "Agreement").  Debtor's Sale Reconsideration Mot. 2–4, Exh. A, ECF No. 911; Debtor's Abandonment Reconsideration Mot. 2–4, ECF No. 912.  The Debtor contends that the Agreement constitutes an executory contract, and because the Trustee failed to timely assume the Agreement into the bankruptcy estate, it is deemed rejected pursuant to 11 U.S.C. § 365(d).  The Debtor has repeatedly claimed throughout this case that Mr. Carpionato (and a variety of individuals and entities related to Main Street) breached the Agreement and that he consequently has a cause of action against these individuals and entities.  *See* ECF No. 690.  Because the Trustee failed to assume the Agreement (thus rejecting it), the Debtor argues, denial of his Motion to Compel Trustee's Abandonment of Property (namely, the putative claims) was improper since the document that generated the causes of action to be released by the Trustee was already rejected.  Debtor's Abandonment Reconsideration Mot. 1, 4, ECF No. 912.  Similarly, the Debtor argues that, because the Trustee

has structured her proposed Sale to contemplate the release of these putative claims, grant of the Trustee's Sale Motion was improper "as the proposed [Sale] seeks to bargain assets [the claims] to [Main Street] that are not in the [bankruptcy] estate." Debtor's Sale Reconsideration Mot. 4, ECF No. 911.  For a variety of procedural and substantive reasons, the Debtor is mistaken.

### IV.   DISCUSSION

As a preliminary matter, it is notable that the Debtor inexcusably failed to appear at a hearing scheduled for June 7, 2023 regarding both the Sale Motion and the Abandonment Motion.  *See* ECF No. 909.  In failing to appear, the Debtor forfeited his opportunity to submit arguments against the Trustee's Sale Motion and in support of his Abandonment Motion.  His Motions today can be fairly characterized as a workaround to his failure to appear at a hearing for which he had ample notice, which this Court simply will not permit.

The Debtor's present Motions are also in clear violation of the Court's scheduling order as pertains to the Sale Motion and the Abandonment Motion.  *See* ECF No. 823 ("the "Scheduling Order").  The Court therein required that all parties to this bankruptcy case submit arguments in support of their respective positions on the Sale Motion and Abandonment Motion at the commencement of the pertinent hearings.  *See id.*  The arguments submitted in each of the Debtor's Motions have never heretofore been introduced, and the Court will not permit the submission of novel arguments long after the opportunity to present such arguments has since passed.

Moreover, the Debtor's Motions each fail to satisfy the standard required to vacate the previous orders of this Court.  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (made applicable to this matter under Rule 9024 of the Federal Rules of Bankruptcy Procedure), a court may relieve a party of its previous order for "1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have

4

been discovered in time to move for a new trial under Rule 59(b); 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, "[i]t is well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, *presenting the case under new theories*, securing rehearing on the merits, or otherwise taking a second bite at the apple." *In re Beckford*, No. 13-20749 (AMN), 2018 WL 1572110, at *3 (Bankr. D. Conn. Mar. 28, 2018) (emphasis added) (internal quotation marks omitted) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). As previously discussed, despite having ample opportunity to do so the Debtor has never properly presented the arguments set forth in his Motions — the Court cannot permit their introduction while maintaining fidelity to the Federal Rules of Civil Procedure.

In addition to the deficiencies detailed above, the Motions are without merit in their reasoning. The Trustee's assumption or rejection of the Agreement is ultimately irrelevant to her prosecution or release *of related causes of action*, which are items distinct from the underlying Agreement (put differently, the Trustee has agreed to release *claims* arising under the Agreement, which are distinct from the *contract* that gives rise to those claims). The Trustee has every right to release, for cause, what rights or claims she may have pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Debtor's Motions mistakenly focus on the Agreement and the assumption or rejection thereof, which is the incorrect mode of analysis and ultimately irrelevant to the Court's disposition of the present Motions.

Lastly, the Court is unsatisfied that the Agreement constitutes an executory contract that can be assumed or rejected by the Trustee under 11 U.S.C. § 365, rendering the Debtor's substantive arguments meaningless. While 11 U.S.C. § 365 does not define an executory contract, "courts have long employed the definition articulated by Professor Countryman, i.e., 'a contract under which the obligation of *both the bankrupt and the other party to the contract are so far unperformed* that the failure of either to complete performance would constitute a material breach excusing the performance of the other.'" *In re Wireless Data*, 547 F.3d 484, 497 n.1 (2d. Cir. 2008) (emphasis added) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 MINN. L. REV. 439, 460 (1973)). Having reviewed the Agreement, the Court cannot discern (and the Debtor has not articulated) which obligations of *both* parties to the Agreement remain substantially unperformed such that the Agreement constitutes an executory contract.

## V.  CONCLUSION

The Debtor's Motions once again demonstrably misapprehend the law, from its misunderstanding of the contours of an executory contract to the business judgment afforded to trustees to settle claims pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. His motions are both procedurally and substantively deficient and cannot be interpreted as anything else than yet another instance of the Debtor's continued efforts to delay, frustrate, and ultimately stymie the sale efforts of the Trustee and these very proceedings.[3] Based on the foregoing, the Debtor's Motions are **DENIED.**

**IT IS SO ADJUDGED, ORDERED, AND DECREED** at Hartford, Connecticut this 20th day of June 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[3] The record of this bankruptcy case is replete with frivolous, meritless motions submitted and actions taken by the Debtor that have served only to frustrate the expeditious resolution of this case. It does not strain logic to conclude that this is a deliberate tactic of the Debtor, as he demonstrated the same litigiousness in challenging the foreclosures of his various commercial real estate properties between 2016-2018. *See* Sale Decision 6 n.4, ECF No. 916.