UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN ALAN SAKON,<br><br>      DEBTOR. | Chapter 7<br><br>Case No. 19-21619 (JJT)<br><br>Re: ECF No. 959, 961 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING DEBTOR'S MOTION FOR SANCTIONS**

Before the Court is the Debtor's Motion for Sanctions ("Motion," ECF No. 959), in which he requests that this Court sanction Bonnie L. Mangan ("Trustee"), the Chapter 7 trustee in this bankruptcy case. In the Motion, the Debtor states that the Trustee held a meeting of creditors without giving him notice, which he argues violates Rule 2002 of the Federal Rules of Bankruptcy Procedure. He further requests a show cause hearing for the Trustee to produce evidence of notice to the Debtor. The Trustee filed a response in opposition (ECF No. 961), in which she argues that "no written notice is required if the date of the continuation is set at the meeting [of creditors]."[1] The Court held a hearing on the matter on October 26, 2023. For the reasons that follow, the Motion is DENIED.

Rule 2002(a)(1) of the Federal Rules of Bankruptcy Procedure requires that, with exceptions inapplicable here, the clerk shall give the debtor 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.[2] Rule 2003(e), in turn, provides

---

[1] The Trustee also argues that, to the extent the Debtor relies on Rule 9011 of the Federal Rules of Bankruptcy Procedure, he has failed to comply with the safe harbor provisions subsection (c)(1) of that rule and that he has failed to allege that the Trustee made improper representations to the Court or made any for an improper purpose. ECF No. 961. The Court agrees that the Debtor has failed to comply with the safe harbor provisions and, thus, refuses to consider sanctions on that basis.

[2] Under the rule, the Court may also direct another person to give the required notice. Absent this direction, the rule does not require the Trustee to do anything.

1

that: "The meeting [of creditors under section 341] may be adjourned from time to time by announcement at the meeting of the adjourned date and time. The presiding official shall promptly file a statement specifying the date and time to which the meeting is adjourned."

The Trustee avers in her papers that "[t]he continued hearing dates and times were announced at the 341 Meetings." ECF No. 961. The docket in this bankruptcy case also reflects that the Trustee filed statements specifying the date of the continued meeting of creditors after each session.[3] Although Rule 2002(a)(1) requires notice of the first meeting of creditors, Rule 2003 only requires that the Trustee announce the adjournment at the meeting and then file a statement regarding the date and time to which the meeting has been adjourned—requirements that the Trustee has demonstrably met.[4]

Because Rule 2003(e) governs the situation at hand and not Rule 2002(a)(1), there is no basis to sanction the Trustee. The Motion is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 27th day of October 2023.



James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

[3] The Court takes judicial notice of its own docket in this bankruptcy case. *See* Fed. R. Evid. 201.
[4] The Trustee argues in her papers that "no written notice is required if the date of the continuation is set at the meeting[,]" citing *In re Peres*, 530 F.3d 375, 378 (5th Cir. 2008). *Peres* interpreted the pre-2011 version of Rule 2003(e). Since December 1, 2011, the rule has required the filing of a statement regarding the date and time of adjournment. The docket reflects that this occurred.