## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN ALAN SAKON, | Case No. 19-21619 (JJT) |
| Debtor. | Re: ECF No. 1015, 1028 |

### MEMORANDUM OF DECISION AND
### ORDER DENYING DEBTOR'S MOTION TO RECUSE

Before the Court is the Debtor's Motion to Recuse ("Motion," ECF No. 1015), filed on

December 6, 2023.[1] In the Motion, the Debtor accuses this Court of violating various canons of

the Code of Conduct for United States Judges after this Court directed the Debtor to provide

documentary proof of his claimed medical ailments in connection with a motion for extension of

time (ECF No. 1009).[2] Specifically, the Debtor argues that this Court "has demonstrated clear

bias and discrimination arising out of the [D]ebtor's well[-]documented disabilities[.]" For the

reasons that follow, the Court DENIES the Motion.[3]

Section 455 of title 28 of the United States Code provides in pertinent part:

(a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)     He shall also disqualify himself in the following circumstances:

    (1)     Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.][4]

---

[1] The Debtor has also filed a Motion to Reconsider (ECF No. 1028), which, although chiefly concerned with his prior request for an extension of time to respond to an amended interim fee application ("Amended Application," ECF No. 1002), also requests this Court's recusal. The Court addresses all requests for recusal in this Memorandum.

[2] After the Debtor provided such documentary evidence, the Court granted a limited extension of time for the Debtor to respond to the Amended Application (ECF Nos. 1020, 1023, and 1024).

[3] The Debtor previously moved for this Court to recuse itself (ECF No. 836), which the Court denied (ECF No. 851).

[4] The Debtor's citation of the commentary to Canon 2(A) of the Code of Conduct for United States Judges, which concerns avoiding impropriety through respect for the law, implicates subsections (a) and (b)(1) of 28 U.S.C. § 455.

"The discretion to consider disqualification rests with the [trial] judge in the first instance." *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002). "The grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Id.* (cleaned up). "The determination should be made on the basis of conduct extrajudicial in nature as distinguished from conduct within a judicial context." *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 928 (2d Cir. 1980). Further, adverse rulings do not "per se create the appearance of bias under section 455(a)." *Id.* at 929.

All of the Debtor's complaints regard rulings of this Court. In other words, nothing raised by the Debtor as grounds for recusal concerns extrajudicial conduct. "Under § 455(b)(1)[,] what a judge learns or comes to believe in his judicial capacity is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988) (internal quotation marks omitted). The docket of this case is rife with examples of the Debtor's dilatory behavior. This Court has previously held the Debtor in contempt two times for his less-than-forthcoming actions in this case (ECF Nos. 613 and 655). The Debtor has also sought numerous extensions and continuances related to his alleged health concerns and commitments to other litigation. With regards to the Debtor's motion for extension of time related to the Amended Application, the Court sought more concrete evidence that the Debtor's claimed ailments were in fact true. Having received additional (but hardly definitive) information, the Court *granted* the Debtor's request for an extension.[5]

---

[5] The Debtor, however, is not satisfied with the limited extension that the Court granted. In his latest motion for reconsideration (ECF No. 1028), he states that he "has been ordered by his medical provider to abstain from all legal proceedings during recovery and other stressful situations." (cleaned up). There are two problems with this assertion. The first is that the letter from his provider that he cites and attaches to this motion does not say anything so specific. Instead, the letter notes his treatment dates and an expected recovery time. Second, this statement is belied by the Debtor's actions in another case currently pending before the District Court. *See Sakon v. State of Connecticut*, No. 23-000602-AWT, ECF No. 35 (D. Conn. Dec. 11, 2023) (requesting extension from December 11

Because the Debtor has done nothing more than show that he dislikes this Court's rulings, recusal is unwarranted. The Motion is therefore DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 9th day of January, 2024.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

to December 15, 2023, to file a memorandum in opposition to a motion to dismiss, which was then filed on December 17, 2023). Thus, the Debtor has demonstrated a capability to meet (at least some) filing requirements at this time. This sort of duplicity is exactly the sort of behavior that prompted the Court's request for more reliable evidence before considering the Motion.