**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: <br><br> John Alan Sakon, <br><br> Debtor. | Chapter 7 <br><br> Case No. 19-21619 (JJT) <br><br> Re: ECF No. 1161 |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION FOR AUTHORITY TO SEVER AND**
**BIFURCATE BANKRUPTCY ESTATE'S NEGLIGENCE CLAIM**

Before the Court is the Chapter 7 Trustee's Motion for Authority to Sever and Bifurcate Bankruptcy Estate's Negligence Claim (Motion, ECF No. 1161). In the Motion, the Chapter 7 Trustee seeks what may be in effect a comfort order[1] that would allow her special counsel to request that the Connecticut Superior Court sever and bifurcate Count One of the Complaint in *Sakon v. Roberts*, No. HHD-CV-20-6130471-S (Conn. Super. Ct.) (Superior Court Action) from the other counts in the case. As noted by the Trustee, the remaining counts in the Superior Court Action—which belong to the Debtor individually[2]—have either been dismissed or summary judgment has been granted on them in favor of the defendants, leaving only Count One—which belongs to the bankruptcy estate—still pending before the Superior Court. The Debtor alone, meanwhile, has taken an appeal of the judgment

---

[1] Whether this decision is in the ordinary course and authority of the Trustee under 11 U.S.C. § 704 or requires Court authorization under 11 U.S.C. § 105(a) is a close call given the Debtor's persistent claims over management of the litigation and his challenge to each of the Trustee's substantive decisions during the course of this case.

[2] The Chapter 7 estate initially retained the personal injury counts (Counts One through Four), with the other counts being abandoned to the Debtor on June 18, 2021 (ECF No. 456). Counts Two through Four were later abandoned to the Debtor on September 11, 2025 (ECF No. 1156).

granted on the other counts, which has had the effect of stalling the Trustee's efforts to resolve or try Count One.[3]

The Debtor filed opposition papers to the Motion (ECF No. 1162), in which he says that the Superior Court has already ruled on the issue. He also complains of the legal representation of the Trustee by her special counsel in the Superior Court Action and argues that he has an interest in Count One because of injuries that manifested after the petition date. The Court held a hearing on the Motion on November 6, 2025, at which the Debtor spent much of his time launching into tirades about alleged malpractice committed by the Trustee and her special counsel regarding their strategic and procedural management of the Superior Court Action. The Court then took the matter under advisement.[4]

The Court first addresses the Debtor's argument that the Superior Court already ruled on the issue of the severance of Count One. The Court notes that it is not clear from the Superior Court docket where that court supposedly ruled on the issue; however, at the November 6, 2025 hearing before this Court, the Debtor simply stated that the issue had been decided and that res judicata and collateral estoppel precluded the Trustee from asking for severance of Count One from the remaining counts now. The Debtor is mistaken. Res judicata and collateral estoppel apply only when there is a final judgment. *See Mazziotti v. Allstate Ins. Co.*, 240

---

[3] Defendant Michael Roberts moved for a stay of the Superior Court Action pending final determination of the Debtor's appeal, which the Superior Court granted.

[4] The Court has taken judicial notice of the rulings and proceedings in the Superior Court Action. The Court also once again reviewed its own docket to survey the Motions, Rulings, and Decisions issued by this Court in the face of the Debtor's multiple, abrasive, and unsupported attacks on the Trustee, her special counsel, and this Court. Any claims of malpractice are premature at this juncture and unsupported by an expert opinion, as the case has not gone to trial or final judgment.

Conn. 799, 812–13, 695 A.2d 1010, 1017 (1997). Final judgment has not entered in the Superior Court action, at least not as to Count One. Thus, these preclusion doctrines are no impediment to asking the Superior Court to consider (or even reconsider) severing and bifurcating the counts.[5]

As for the Debtor's complaints about the Trustee's and her special counsel's performance in the Superior Court action, he is simply in no position to complain because he is, in effect, a stranger to Count One. Further, if there is any alleged malpractice by special counsel, that is, in the first instance, the Chapter 7 estate's claim to make, not the Debtor's. Moreover, his request that the Trustee and her special counsel receive unspecified "judicial supervision" by this Court ignores that they are already supervised by the United States Trustee and, ultimately, by this Court in the administration of this estate. Such efforts of control by the Debtor, or this Court, are unprecedented, with the Debtor having again provided no legal authority for this Court to enter any such extraordinary orders.[6]

Furthermore, the Debtor's allegations of malpractice and case mismanagement are rooted in mere speculation and his to this point

---

[5] The Debtor has also failed to support this argument with proper citation to facts, law, or the relevant ruling in his brief. Such is enough to rule to that the Debtor's argument is effectively waived. *See United States v. Fayton*, 704 F. Supp. 3d 449, 453 (S.D.N.Y. 2023) ("[A] party may be deemed to have waived an argument through inadequate briefing, such as a perfunctory one-sentence argument.").

[6] Indeed, the Supreme Court has cautioned that bankruptcy courts must exercise their equitable powers under 11 U.S.C. § 105(a) "within the confines of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421 (2014) (internal quotation marks omitted). Conversely, if the Trustee's request is considered under the § 105(a) paradigm, such is permissible because it is in furtherance of the Code's commands. *See* 11 U.S.C. § 704(a)(1) ("The trustee shall . . . collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]").

3

unsubstantiated and inflated visions of the merits of his wide-ranging and expansive claims against the Town of Glastonbury and others; his assertions that the Superior Court Action is worth in excess of $5 million is based on no more than his internet sleuthing and imaginings. When asked by this Court if he had an expert who could testify to such damages, the Debtor, after much obfuscation, said he did not. He also declined to explain why he did not previously substantiate or assert these now allegedly valuable claims either prepetition or while he was a debtor in possession in control of his then-Chapter 11 case.

The Debtor has also complained that the Superior Court invaded the province of the jury by deciding certain matters on summary judgment. He simply overlooks that these matters were addressed on summary judgment by the Superior Court consistent with the procedural mandates of the Connecticut Practice Book. If the Superior Court has acted improperly, as the Debtor alleges—and this Court makes no such conclusions—such is a matter to be resolved in the Debtor's pending appeals before the Connecticut Appellate Court; those allegations simply have nothing to do with the instant Motion.

Finally, the Debtor argues that not all damages arising out of the Count One negligence claim belong to the bankruptcy estate because either there are postpetition damages or that he has claimed an exemption in any damages award. Any allowed exemption would be limited by statute, *see* 11 U.S.C. § 522(d)(11)(D), such that his protests at this point are mere speculation. He also overlooks that he has failed to properly assert an appropriate exemption consistent with his

4

contentions in this bankruptcy case.[7] Additionally, his argument that he maintains a cognizable legal interest in this negligence count because of postpetition manifested injuries from an alleged prepetition tort in 2018 is speculative *at best*. There are also, unaddressed by the Debtor, factual credibility issues about the alleged incident and causation issues that must be considered by a factfinder. Nevertheless, given its experience and jurisdiction in these matters, the Superior Court is in the better position to determine whether the Debtor's claimed injuries can be proximately traced to liability on the negligence claim or otherwise.

    The Trustee, in this instance, is simply asking for this Court's permission to seek the severance and bifurcation of Count One, which currently and indisputably belongs to the Chapter 7 estate; whether to grant such a motion to separately advance Count One in the interests of justice and efficiency will be the prerogative of the Superior Court. The Trustee, as mandated by the Bankruptcy Code, is seeking the expeditious administration of a Chapter 7 estate for a bankruptcy case filed in 2019, periodically impeded by the delays, frivolous arguments, and evasive behaviors from the Debtor.[8] Nevertheless, nothing stops the Debtor from arguing

---

[7] The Trustee objected to the Debtor's claims of exemptions, particularly related to the Superior Court Action, on the basis that the Debtor mixed federal and state exemptions, improperly sought to exempt proceeds for pain and suffering, and failed to specify a set dollar amount for the exemption (ECF No. 960). The Court sustained that objection (ECF No. 993). The Debtor has yet to properly revise his schedules to claim any appropriate exemption.

[8] *See, e.g.*, Memorandum of Decision on Debtor's Motion for Reconsideration (ECF No. 922), at 6 & n.3 ("The record of this bankruptcy case is replete with frivolous, meritless motions submitted and actions taken by the Debtor that have served only to frustrate the expeditious resolution of this case.").

against a Motion to Sever or Bifurcate in the proceedings before the Superior Court.[9]

The Court finds that the proposed severance and bifurcation of Count One, as proposed in the Motion, is within the reasonable judgment, strategic prerogative, and discretion of the Trustee and her special counsel, and is consistent with her duties under 11 U.S.C. § 704 to promptly and efficiently administer the Chapter 7 estate for its benefit and that of its creditors. Accordingly, it is hereby

ORDERED: Bonnie C. Mangan, as Chapter 7 Trustee, is authorized through her special counsel, BBB Attorneys, to file and prosecute an appropriate pleading or motion in the Superior Court Action to sever and bifurcate the bankruptcy estate's negligence claim in Count One against Michael Roberts from all other counts filed by the Debtor, John Alan Sakon, in the case entitled *Sakon v. Roberts*, No. HHD-CV-20-6130471-S (Conn. Super. Ct.); and it is further

ORDERED: The Trustee and her special counsel are authorized to execute any documents and to take such actions as are reasonable and necessary to effectuate this Order.

Date: December 3, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[9] The Debtor's protestations that Count One may be settled by the Trustee within policy limits to his detriment is equally speculative and premature. If indeed the Trustee resolves Count One, any settlement would require notice and hearing of this Court to secure its approval. *See* Fed. R. Bankr. P. 9019. It that context, these protests *might* be relevant.